UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GERALD ROSS PIZZUTO, JR., and THOMAS EUGENE CREECH, | Case No. 1:20-cv-00114-DCN |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| BRAD LITTLE, Idaho State Governor, in his official capacity; JOSH TEWALT, Director, Idaho Department of Correction, in his official capacity, TYRELL DAVIS,[1] Warden, Idaho Maximum Security Institution, in his official capacity, CHAD PAGE, Chief, Division of Prisons, Idaho Department of Correction, in his official capacity; and Unknown Employees, Agents, or Contractors of the Idaho Department of Correction, in their official capacities, | |
| Defendants. | |

## I. INTRODUCTION

Pending before the Court are Defendants' first Motion to Dismiss (Dkt. 17) and

second Motion to Dismiss (Dkt. 21). On November 5, 2020, the Court held oral argument

---

[1] Tyrell Davis is the current warden of the Idaho Maximum Security Institution, where both Plaintiffs are being held. He therefore has been substituted as a party. Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded.").

MEMORANDUM DECISION AND ORDER - 1

and took the motions under advisement. Upon review, and for the reasons set forth below, the Court DENIES the first motion as MOOT and GRANTS the second motion on the issue of ripeness.

## II. BACKGROUND

### A.  Nature of the Action

This case presents numerous issues, but at its core, the question of this case is whether various provisions of federal law require a prison to disclose its execution protocols in advance of seeking a death warrant or setting an execution date. Plaintiffs Gerald Ross Pizzuto and Thomas Eugene Creech are death-row inmates in Idaho. They were both sentenced on unrelated convictions of first-degree murder. They are both being held in the Idaho Maximum Security Institution. On March 5, 2020, Pizzuto and Creech filed a Complaint under 42 U.S.C. § 1983 alleging various violations of their First, Fifth, Eighth, and Fourteenth Amendment rights, as well as violations of a federal statute and Idaho law. Dkt. 1. Specifically, they allege "violations and threatened violations of their constitutional rights in connection with the State's effort to execute them while providing them essentially zero information about its plans on how it will do so." *Id.* ¶ 1.

These allegations stem from a meeting held at the office of the Idaho Department of Corrections ("IDOC") during which a representative of IDOC told attorneys from the Capital Habeas Unit of Federal Defender Services of Idaho ("CHU") that "there will be

changes to the current SOP 135[2] before any executions" without providing "any detail on what those changes would entail or when they would be made." *Id.* ¶ 64; Dkt. 18, ¶ 61. SOP 135 is IDOC's current execution protocol. It establishes specific procedures for administration of capital punishment in accordance with state and federal law.

Notably, Plaintiffs do not dispute the constitutionality of lethal injection execution or the legitimacy of their sentences. Both Plaintiffs have post-conviction relief proceedings pending at different stages in federal court and state court. Days before the hearing on the instant motions, the United States Supreme Court denied Pizzuto's petition for a writ of certiorari. However, Pizzuto still has a pending post-conviction appeal before the Idaho Supreme Court. Creech, on the other hand, has an appeal pending before the Ninth Circuit in which he challenges this Court's denial of habeas corpus relief. A death warrant has not been issued for either Plaintiff, and there are no scheduled executions. Dkt. 18, at 5.

## B.  The First Motion to Dismiss Is Moot

On May 5, 2020, Defendants moved to dismiss the Complaint based on several grounds pursuant to Federal Rule of Civil Procedure 12(b). Dkt. 17. On May 22, 2020, Pizzuto and Creech filed an Amended Complaint. Dkt. 18. That same day, they also filed a response to the Motion to Dismiss in which they argued that the motion was moot. Dkt. 19. Defendants did not reply. At the hearing, Defendants correctly conceded that the motion is moot. *See* Fed. R. Civ. P. 15(a)(1)(B); *Ramirez v. Cty. of San Bernardino*, 806

---

[2] The IDOC's standard execution protocol is identified as Standard Operating Procedure 135.02.01.001; however, the Court refers to it as SOP 135 or Idaho's execution protocol throughout this Order for the reader's convenience.

MEMORANDUM DECISION AND ORDER - 3

F.3d 1002, 1008 (9th Cir. 2015); *see also Barnes v. Dist. of Columbia,* 42 F. Supp. 3d 111, 117 (D.D.C. 2014) ("When a plaintiff files an amended complaint as of right . . . the amended complaint becomes the operative pleading . . . and any pending motion to dismiss becomes moot." (citations omitted)). Therefore, the first Motion to Dismiss is denied as moot.

### C. Amended Complaint and Second Motion to Dismiss

The Court therefore turns its focus to Pizzuto and Creech's Amended Complaint (Dkt. 18) and Defendants' second Motion to Dismiss (Dkt. 21). In their Amended Complaint, Pizzuto and Creech maintain many of the same allegations that were in their original Complaint, while making several noteworthy changes. First, Defendant Governor Brad Little has been removed. Dkt. 18, at 1. Second, allegations related to exhaustion of administrative remedies have been added. *Id.* ¶¶ 481–92. Third, the Amended Complaint has additional allegations regarding the efficacy of execution drugs, given Pizzuto's current medication regimen. *Id.* ¶¶ 418–32. Finally, Pizzuto and Creech added an additional claim against Defendant Josh Tewalt. *Id.* ¶¶ 604–07.

Pizzuto and Creech ultimately assert nine claims against Defendants, which implicate various laws including the First, Eighth, and Fourteenth Amendments to the United States Constitution; 18 U.S.C. § 3599; the Idaho Constitution; and Idaho Code § 19-2716. In particular, those claims are as follows:

1. The first claim is that the deprivation of information regarding the execution procedures violates the right of access to governmental proceedings under the First and Fourteenth Amendments. *Id.* ¶¶ 493–512.

2. The second claim is that the deprivation of information violates the right to petition the government for redress of grievances under the First Amendment. *Id.* ¶¶ 513–522.

3. The third claim is that the absence of execution protocol information constitutes cruel and unusual punishment under the Eighth Amendment because Plaintiffs allegedly suffer mental anguish from the uncertainty. *Id.* ¶¶ 523–533.

4. The fourth claim is that the deprivation of information violates the right to due process under the Fourteenth Amendment. *Id.* ¶¶ 534–541.

5. The fifth claim is that the absence of execution protocol information violates the right to equal protection under the Fourteenth Amendment. *Id.* ¶¶ 542–552.

6. The sixth claim is that the deprivation of the information violates statutory rights under 18 U.S.C. § 3599. *Id.* ¶¶ 553–577.

7. The seventh claim is that the lack of legislative guidelines for executions in the Idaho Code violates the Idaho Constitution's separation-of-powers clause. *Id.* ¶¶ 578–603.

8. The eighth claim is the added claim, and it is that Defendant Tewalt has violated his statutory obligations under Idaho Code § 19-2716 to provide execution protocols. *Id.* ¶¶ 604–607.

9.  The ninth and final claim is that the deprivation of information regarding the execution protocol creates a substantial risk of serious harm in violation of the Eighth Amendment. *Id.* ¶¶ 608–611.

Based on these claims, Pizzuto and Creech request relief in the form of "a declaratory judgment that [Defendants'] refusal to provide the information described above is unconstitutional," and/or a variety of alternative injunctions precluding Defendants "from proceeding toward and carrying out an execution of [Pizzuto and Creech] until [Defendants] disclose[] the information described above and there has been sufficient time for [Pizzuto and Creech] to investigate and litigate any issues raised by the information"— among other things. *Id.* ¶ 612.

On June 5, 2020, Defendants filed their second Motion to Dismiss. Dkt. 21. In it, they provide two reasons for an outright dismissal of the Amended Complaint: (1) Pizzuto and Creech do not have standing because their claims are not ripe and (2) both men failed to exhaust their administrative remedies. Defendants then argue the specifics of each claim and contend that Pizzuto and Creech have failed to state a claim upon which relief may be granted on all nine claims. Dkt. 21-1, at 3. Defendants also point out that Governor Little was removed from the Amended Complaint, and they argue that the Court should dismiss him from this case. *Id.* at 5.

On June 25, 2020, Pizzuto and Creech responded, contesting all of Defendants' arguments except for the request to dismiss Governor Little from this lawsuit. Dkt. 22; *id.*

at 2 n.1.[3] Because there is no dispute on that issue, the Court dismisses Governor Little from this case. On July 9, 2020, Defendants replied. Dkt. 25. The Court held oral argument on November 5, 2020.

Because the Court agrees with Defendants that the claims are not ripe for the reasons explained below, the Court does not have jurisdiction over this case and will not address the other issues presented in the parties' briefs.

### III. LEGAL STANDARD

A federal court may not entertain an action over which it has no jurisdiction. Standing is a threshold question that must be addressed at the outset of a case because it is "a necessary element of federal-court jurisdiction." *City of South Lake Tahoe v. Cal. Tahoe Reg'l Planning Agency*, 625 F.2d 231, 233 (9th Cir. 1980). "Constitutional ripeness is often treated under the rubric of standing because ripeness coincides squarely with standing's injury in fact prong." *Safer Chemicals, Healthy Families v. EPA*, 943 F.3d 397, 411 (9th Cir. 2019) (cleaned up).[4]

A claim that is not ripe is premature. Indeed, a question of ripeness depends on whether a constitutional case or controversy exists, which in turn depends on whether the

---

[3] In conjunction with their response, Pizzuto and Creech moved for leave to file a twenty-five-page response (Dkt. 23), which Defendants did not oppose (Dkt. 24). Because there was no disagreement between the parties, Pizzuto and Creech proceeded as requested. Upon review and for good cause, the Court GRANTS the Motion and has considered the twenty-five-page response in its entirety in issuing this Order.

[4] The parenthetical "cleaned up," while perhaps unfamiliar to some, is being used with increasing frequency to indicate that brackets, ellipses, footnote reference numbers, internal quotation marks, alterations, and/or citations have been omitted from a quotation. For an example of its use in a published opinion, see *Lu v. United* States, 921 F.3d 850, 860 (9th Cir. 2019), or *United States v. Reyes*, 866 F.3d 316, 321 (5th Cir. 2017). For a more thorough discussion regarding the practicality of the parenthetical, see Jack Metzler, *Cleaning Up Quotations*, 18 J. App. Prac. & Process 143 (2017).

issues presented are definite and concrete, rather than hypothetical or abstract. *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000); *Clark v. City of Seattle*, 899 F.3d 802, 809 (9th Cir. 2018) ("For a case to be ripe, it must present issues that are definite and concrete, not hypothetical or abstract" (cleaned up)). "The ripeness doctrine is peculiarly a question of timing, designed to separate matters that are premature for review because the injury is speculative and may never occur from those cases that are appropriate for federal court action." *Wolfson v. Brammer*, 616 F.3d 1045, 1057 (9th Cir. 2010) (cleaned up). "Through avoidance of premature adjudication, the ripeness doctrine prevents courts from becoming entangled in abstract disagreements." *Id.* (cleaned up).

The ripeness doctrine is "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction." *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807 (2003). In short, whether a claim is ripe is determinative of jurisdiction, and therefore if a claim is not ripe, a court lacks subject matter jurisdiction and must dismiss the complaint. *Kootenai Tribe of Idaho v. Veneman*, 142 F. Supp. 2d 1231, 1242 (D. Idaho 2001).

## IV. DISCUSSION

The claims in this case are not yet ripe for adjudication. Both Pizzuto and Creech have ongoing appeals for relief from their convictions. Pizzuto has a pending post-conviction appeal before the Idaho Supreme Court. Creech has a pending habeas corpus appeal before the Ninth Circuit. Thus, the ultimate question of whether the two men will even be executed remains an undetermined and open question, rendering the claims in this

case speculative and abstract. Stated differently, Pizzuto and Creech seek information regarding executions that are entirely presupposed. *Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." (cleaned up)).

Although Pizzuto and Creech argue that relief is unlikely in their appeals, the outcomes remain uncertain and make the Court's oversight of this case improper under Article III of the Constitution and imprudent. The Court simply will not and should not venture a guess as to what will occur in the appeals. Such prejudgment would be an improper course because the Court is not in the business of predicting other courts' decisions, especially in Pizzuto's situation where concerns of federalism are also involved. Until their appeals are resolved, Pizzuto's and Creech's claims are not ripe. Jurisdiction is therefore lacking, and this case must be dismissed in its entirety without prejudice.[5]

## V. ORDER

The Court HEREBY ORDERS:

1. Defendants' first Motion to Dismiss (Dkt. 17) is **DENIED** as moot.

2. Plaintiffs' Motion for Leave to File Excess Pages on Response to Motion to Dismiss (Dkt. 23) is **GRANTED**.

3. Defendant Governor Brad Little is dismissed from this case.

---

[5] The parties also debate whether the absence of death warrants and execution dates make the claims unripe. The Court does not reach these issues because the ongoing appeals are enough to deprive the Court of jurisdiction in this case. Nevertheless, the Court notes that persuasive arguments exist on both sides of those issues.

MEMORANDUM DECISION AND ORDER - 9

4. Defendants' second Motion to Dismiss (Dkt. 21) is **GRANTED** based on the
   issue of ripeness.

5. This case is **DISMISSED WITHOUT PREJUDICE**.

DATED: November 17, 2020

David C. Nye
Chief U.S. District Court Judge