
Charles Peterson
EXECUTIVE DIRECTOR
Jonah J. Horwitz, Idaho Bar No. 10494
Christopher M. Sanchez, New York Bar No. 5414099
Miles Pope, Alaska Bar No. 1508066
ASSISTANT FEDERAL DEFENDERS
Federal Defender Services of Idaho
702 W. Idaho Street, Suite 900
Boise, ID 83702
Telephone: (208) 331-5530
Facsimile: (208) 331-5559
ECF:    Jonah_Horwitz@fd.org
        Christopher_M_Sanchez@fd.org
        Miles_Pope@fd.org

Stanley J. Panikowski
(admitted *pro hac vice*)
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone:  619.699.2700
Facsimile:  619.699.2701
ECF:    stanley.panikowski@dlapiper.com

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **GERALD ROSS PIZZUTO, JR.**,<br><br>Plaintiff,<br><br>v.<br><br>**JOSH TEWALT**, et al.<br><br>Defendants. | Case No. 1:20-cv-114-DCN<br><br>**PLAINTIFF GERALD ROSS PIZZUTO, JR.'S MOTION TO SHORTEN TIME ON RULE 59(e) LITIGATION** |

MOTION TO SHORTEN TIME - 1

Pursuant to Dist. Idaho Loc. Civ. R. 6.1, Plaintiff Gerald Ross Pizzuto, Jr. respectfully asks the Court to shorten the timelines for the briefing and resolution of his motion to alter or amend judgment.  *See* Dkt. 36.

This is a civil rights case based primarily on the defendants' refusal to tell the plaintiffs anything about how the State plans to execute them, including the most rudimentary information, like what drugs it will use.  *See generally* Dkt. 18.  On November 17, 2020, this Court dismissed the complaint in its entirety on the sole basis that it was unripe because the plaintiffs have pending appeals challenging their death sentences.  *See* Dkt. 34 at 8–9.  Mr. Pizzuto's pending appeal is a post-conviction matter at the Idaho Supreme Court.  In that appeal, oral argument is scheduled for December 11, 2020.  *See* Dkt. 36-5.  The State has indicated it will not seek a death warrant for Mr. Pizzuto until the Idaho Supreme Court issues its opinion.  *See* Dkt. 36-2 at ECF p. no. 12.  However, the State has not committed to any longer period of time, such as until the remittitur issues.  *See id.*  Mr. Pizzuto is therefore facing the real prospect of a death warrant being signed within mere weeks.  If a death warrant is entered, it will set a date for Mr. Pizzuto's execution within the following thirty days.  *See* Idaho Code § 19-2715(2), (3).

In the plaintiffs' motion to alter or amend, they present a substantial and well-supported explanation as to why the Court clearly erred in finding the claims premature.  *See generally* Dkt. 36. Specifically, the plaintiffs emphasize there how the Court's ripeness analysis would force prisoners to bring their execution challenges at the eleventh hour when controlling law forbids them from doing so; how its holding is inconsistent with the only other judicial decisions addressing the question; and how there is not another ruling in the country that has taken the same position, despite scores of opportunities to do so.  *See generally id.*  Should the motion to alter or amend be granted and the dismissal withdrawn, it will mean that the plaintiffs are entitled

to move forward on their claims, at a bare minimum until the State's other defenses under Federal Rule of Procedure 12(b) are dealt with. *See generally* Dkt. 21-1. However, Mr. Pizzuto will be prevented from litigating his claims if he is executed. Therefore, it is imperative that the motion to alter or amend be adjudicated as soon as possible, so that legitimate claims are not mooted by a hasty execution. To that end, Mr. Pizzuto respectfully suggests that the defendants be given seven days from today to respond to the motion instead of the usual twenty-one days, *see* Dist. Idaho Loc. Civ. R. 7.1(c)(1)[1], which would make their response due Tuesday, December 1; that the plaintiffs be given three days to submit their reply instead of the usual fourteen days, *see* Dist. Idaho Loc. Civ. R. 7.1(b)(3), which would make their reply due Friday, December 4; and that the Court resolve the matter as soon as it practicably can, and in all events by December 11.

The undersigned contacted opposing counsel to obtain their position on the present motion. As of yet, the undersigned have not heard back. Given the abbreviated timetable proposed by the motion, the undersigned are filing it now in the interest of expedience.

In light of the above, Mr. Pizzuto has shown cause under Dist. Loc. Civ. R. 6.1 to shorten the timelines concerning the motion to alter or amend, and he respectfully requests that the Court do so.

DATED this 24th day of November 2020.

---

[1] Seven days is how long the plaintiffs took from the dismissal order to prepare their Rule 59(e) papers, making it an appropriate amount of time to give the State to respond.

MOTION TO SHORTEN TIME - 3

/s/ Jonah J. Horwitz
Jonah J. Horwitz
Christopher M. Sanchez
Miles Pope
Federal Defender Services of Idaho


/s/ Stanley J. Panikowski
Stanley J. Panikowski
DLA Piper LLP (US)

*Attorneys for Plaintiff*


**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of November 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which is designed to send a Notice of Electronic Filing to persons including the following:

Mark Kubinski
mkubinsk@idoc.idaho.gov

Oscar Klaas
oklaas@idoc.idaho.gov

/s/ Heidi Thomas
Heidi Thomas