*Gerald Ross Pizzuto, Jr. v. Josh Tewalt, et al.,* Case No. 1:20-cv-114-DCN
Filed in Support of Plaintiff Gerald Ross Pizzuto, Jr.'s Memorandum
in Support of Motion for Preliminary Injunction or Temporary Restraining Order

# Exhibit 8

**(Union Avenue Pharmacy Receipt and Regulatory Documents)**



## Union Avenue Compounding Pharmacy

2302 South Union Avenue #C25 Tacoma, WA 98406
Ph (253) 752-1705 | fax (253) 761- 9315
kim@unionavenuerx.com | www.unionavenuerx.com

To: Who it may Concern

From: Kim Burkes, RPh

Date: January 10, 2013

RE:    Receipt of Monies

We are in receipt of $15,000 today, January 10th, 2013.

Thank you and professionally yours,

*Kim Burkes*

Kim Burkes RPh



*Kim's mom*
*Linda Hathcock*

www.holidayinn.com ■ 1-800-HOLIDAY (1-800-465-4329)

Healthcare information is personal and sensitive information regarding a perso
authorization. You the recipient are obligated to maintain in a safe, secure and
confidentiality could subject you to penalties described in Federal and State Law. This m
 d may contain information that is privileged, confidential and exempt from disclosure
 ipient or the employee or agent responsible to deliver it to the intended recipient, you
information is STRICTLY PROHIBITED. If you have received this message in error please notify us immediately and destroy this message.

Page 1 of 1 Total

Page 1

**STATE OF WASHINGTON
DEPARTMENT OF HEALTH
PHARMACY QUALITY ASSURANCE COMMISSION**

| | |
|---|---|
| In the Matter of | **No. M2016-1272** |
| **KIMELA G. BURKES**<br>Credential No. PHRM.PH.00021631 | **STIPULATION TO INFORMAL DISPOSITION** |
| Respondent | |

## 1. STIPULATION

1.1   The executive director of the Pharmacy Quality Assurance Commission (Commission), on designation by the Commission, has made the following allegations.

    A.   On January 16, 1996, the State of Washington issued Respondent a credential to practice as a pharmacist. Respondent's credential is currently active.

    B.   At all times relevant to the allegations below, Respondent was the Responsible Pharmacy Manager for Union Avenue Compounding Pharmacy LLC (the Pharmacy), PHAR.CF.60126769.

    C.   On October 20, 2015, an inspection was conducted at the Pharmacy pursuant to WAC 246-869-190. The pharmacy received an inspection score of 80, resulting in a "conditional" rating. Under WAC 246-869-190, the Pharmacy had sixty (60) days in which to address the underlying issues and upon re-inspection score 90 or better to receive a "Class A" rating. The inspector noticed the following violations in the Inspection Report:

        I.   Five (5) patient profiles were reviewed by the inspector. Of these five (5) patient profiles: one (1) profile had chronic condition information where the patient's prescription history indicated the presence of a chronic condition, three (3) patient profiles did not document any chronic conditions, and one (1) profile was missing one (1) condition among others documented. Of a total of six (6) conditions determined,

STIPULATION TO INFORMAL DISPOSITION
NO. M2016-1272

ORIGINAL

PAGE 1 OF 7
STID – REV. 07/13

**Page 2**

             there were two (2) documented, for a success rate of 37%. This deficiency led to a three (3) point deduction.

    II.    A survey of drug stock found twenty-seven (27) outdated or expired items. The vast majority of these were compounded capsules that had been batch prepared in anticipation of future use. This deficiency led to a fifteen (15) point deduction.

    III.    A survey of recent prescriptions files found multiple refill requests were processed and filled utilizing the request form as the prescription, even though the form did not meet the definitions of a prescription e.g. there was a lack of dual signature lines. This deficiency led to a two (2) point deduction.

B.    On January 5, 2016, a re-inspection of the Pharmacy was conducted. On re-inspection, the Pharmacy received an inspection score of 88 resulting in an automatic "conditional" rating. The inspector noted the following repeat violations from the October 20, 2015 inspection in the Inspection Report:

    I.    After reviewing patient profiles for chronic medical conditions, there were a total of seven (7) conditions noted from the prescription files, and of these seven (7) only one (1) was documented in the patient profiles for a success rate of 14%. This deficiency led to a five (5) point deduction.

    II.    The inspector noted the failure of the responsible pharmacy manager to correct or improve upon the deficiencies in the course of the previous inspection, and that two (2) of the deficiencies noted in the October 20, 2015 inspection, actually worsened. This deficiency led to a two (2) point deduction.

    III.    A survey of recent prescriptions files found multiple refill requests were processed and filled utilizing the request form as the prescription, even though the form did not meet the

       definitions of a prescription e.g. there was a lack of dual signature lines. Additionally, it was observed that the pharmacy was using a "screen print" to act as a prescription hard copy, and the use of medication orders from a naturopath's office which had the same medication and dose for multiple patients. These were filled for multiple patients on the same hard copy. This deficiency led to a five (5) point deduction.

  1.2  Respondent does not admit any of the allegations in the Statement of Allegations and Summary of Evidence or in Paragraph 1.1 above. This Stipulation to Informal Disposition (Stipulation) shall not be construed as a finding of unprofessional conduct or inability to practice.

  1.3  Respondent acknowledges that a finding of unprofessional conduct or inability to practice based on the above allegations, if proven, would constitute grounds for discipline under RCW 18.130.180(4) and (7); WAC 246-869-070; WAC 246-863-095(1); WAC 246-869-100(2)(a) and (e); WAC 246-869-150(2); and WAC 246-875-020(1)(i) and (2)(c).

  1.4  Respondent agrees that under RCW 18.130.172, any sanction as set forth in RCW 18.130.160, except subsections (1), (2), (6), and (8), may be imposed as part of this Stipulation, but the Respondent may agree to reimburse the disciplining authority the costs of investigation and processing the complaint up to an amount not exceeding one thousand dollars ($1,000.00) per allegation.

  1.5  The parties wish to resolve this matter by means of this Stipulation pursuant to RCW 18.130.172(1).

  1.6  This Stipulation is of no force and effect and is not binding on the parties unless and until it is accepted by the Commission.

  1.7  This Stipulation is not formal disciplinary action. However, if the Commission accepts this Stipulation, it will be reported to the National Practitioner Databank (45 CFR Part 60) and elsewhere as required by law. It is a public document and will be placed on the Department of Health's website and otherwise disseminated as required by the Public Records Act (Chap. 42.56 RCW).

1.8     The Commission agrees to forgo further disciplinary proceedings concerning the allegations.

1.9     Respondent agrees to successfully complete the terms and conditions of this informal disposition.

1.10    Respondent understands that a violation of this Stipulation, if proven, would constitute grounds for discipline under RCW 18.130.180 and the imposition of sanctions under RCW 18.130.160.

## 2. COMPLIANCE WITH SANCTION RULES

2.1     The disciplining authority applies WAC 246-16-800, *et seq.*, to determine appropriate sanctions. WAC 246-16-800(2)(c) requires the disciplining authority to impose terms based on a specific sanction schedule unless "the schedule does not adequately address the facts in a case."

2.2     Respondent's alleged conduct falls in Tier A of the "Practice Below Standard of Care" schedule, WAC 246-16-810. The sanction range associated with that tier does adequately address the alleged facts of this case.

2.3     The disciplining authority considered that Respondent has been credentialed since January 16, 1996, and has no prior disciplinary action. The disciplining authority also recognizes that Respondent has attempted to implement strategies to prevent these violations from occurring again, albeit after the re-inspection.

2.4     The disciplining authority recognizes that as the responsible pharmacy manager Respondent must ensure the Pharmacy's compliance with relevant state and federal laws which were not attained on these facts, even after a re-inspection. Consequently, the disciplining authority believes a period of probation with reporting requirements are necessary to protect the public.

## 3. INFORMAL DISPOSITION

The parties agree to the following:

3.1     Respondent's credential to practice as a pharmacist in the state of Washington shall be placed on **PROBATION** for at least twelve (12) months commencing on the effective date of this Stipulation. During the course of probation, Respondent shall comply with all of the following terms and conditions.

3.2     Respondent shall submit the Pharmacy's internal audits demonstrating the Pharmacy's compliance with documenting chronic conditions for the last three (3) months. These internal audits will reflect a success rate of 90% or above in documenting chronic conditions. The first report is due thirty (30) days from the effective date of this Stipulation and reports must be submitted every three (3) months thereafter for the length of Respondent's probationary period.

3.3     Respondent shall submit the Pharmacy's internal audits demonstrating the Pharmacy's compliance with prescription record requirements for the last three (3) months. These internal audits will reflect a success rate of 90% or above in documenting chronic conditions. The first report is due thirty (30) days from the effective date of this Stipulation and reports must be submitted every three (3) months thereafter for the length of Respondent's probationary period.

3.4     Respondent shall reimburse costs to the Commission in the amount of one thousand four hundred thirty-one dollars and seventy-one cents ($1,431.71), which must be received by the Commission within six (6) months of the effective date of this Stipulation. The reimbursement shall be paid by personal check, certified or cashier's check, or money order, made payable to the Department of Health and mailed to the Department of Health, Pharmacy Quality Assurance Commission at PO Box 1099, Olympia, WA 98507-1099. Credit or Debit cards can also be used for payment at the front counter of the Department of Health building at 111 Israel Road SE, Tumwater, WA 98501, during regular business hours.

3.5     Respondent shall submit a written essay of at least five hundred (500) words on the importance of documenting chronic conditions and prescription record requirements. This essay is to be submitted to the Commission for review and approval no later than six (6) months from the effective date of this Stipulation.

3.6     Respondent shall obey all federal, state and local laws and all administrative rules governing the practice of the profession in Washington.

3.7     The Commission or its designee may verify Respondent's compliance with the terms and conditions of this Stipulation, if applicable.

3.8     Any documents required by this Stipulation shall be sent to Department of Health Compliance at PO Box 47873, Olympia, WA 98504-7873.

3.9     Respondent is responsible for all costs of complying with this Stipulation.

3.10 Respondent shall inform the Department of Health Office of Customer Service, in writing, of changes in Respondent's residential and/or business address within thirty (30) days of the change. The mailing address for the Office of Customer Service is PO Box 47865, Olympia, WA 98504-7865.

3.11 The effective date of this Stipulation is the date the Adjudicative Clerk Office places the signed Stipulation into the U.S. mail. If required, Respondent shall not submit any fees or compliance documents until after the effective date of this Stipulation.

## 4. RESPONDENT'S ACCEPTANCE

I, KIMELA G. BURKES, have read, understand and agree to this Stipulation. This Stipulation may be presented to the Commission without my appearance. I understand that I will receive a signed copy if the Commission accepts this Stipulation.

_____
KIMELA G. BURKES
RESPONDENT

2/3/17
_____
DATE


_____, WSBA #
ATTORNEY FOR RESPONDENT

_____
DATE

## 5. COMMISSION ACCEPTANCE

The Commission accepts this Stipulation to Informal Disposition. All parties shall be bound by its terms and conditions.

DATED: _____2/15_____, 2017

STATE OF WASHINGTON
DEPARTMENT OF HEALTH
PHARMACY QUALITY ASSURANCE
COMMISSION

PANEL CHAIR

PRESENTED BY:

CHRISTOPHER GERARD, WSBA #49959
DEPARTMENT OF HEALTH STAFF ATTORNEY

2/15/17
DATE

STATE OF WASHINGTON
DEPARTMENT OF HEALTH
PHARMACY QUALITY ASSURANCE COMMISSION

FILED
FEB 15 2017
Adjudicative Clerk Office

In the Matter of

KIMELA G. BURKES
Credential No. PHRM.PH.00021631

Respondent

No. M2016-1272

STATEMENT OF ALLEGATIONS
AND SUMMARY OF EVIDENCE

The executive director of the Pharmacy Quality Assurance Commission (Commission), on designation by the Commission, makes the allegations below, which are supported by evidence contained in case no. 2016-549.

## 1. ALLEGED FACTS

1.1   On January 16, 1996, the State of Washington issued Respondent a credential to practice as a pharmacist. Respondent's credential is currently active.

1.2   At all times relevant to the allegations below, Respondent was the Responsible Pharmacy Manager for Union Avenue Compounding Pharmacy LLC (the Pharmacy), PHAR.CF.60126769.

1.3   On October 20, 2015, an inspection was conducted at the Pharmacy pursuant to WAC 246-869-190. The pharmacy received an inspection score of 80, resulting in a "conditional" rating. Under WAC 246-869-190, the Pharmacy had sixty (60) days in which to address the underlying issues and upon re-inspection score 90 or better to receive a "Class A" rating. The inspector noticed the following violations in the Inspection Report:

    A.    Five (5) patient profiles were reviewed by the inspector. Of these five (5) patient profiles: one (1) profile had chronic condition information where the patient's prescription history indicated the presence of a chronic condition, three (3) patient profiles did not document any chronic conditions, and one (1) profile was missing one (1) condition among others documented. Of a total of six (6) conditions determined, there were two (2) documented, for a success rate of 37%. This deficiency led to a three (3) point deduction.

STATEMENT OF ALLEGATIONS
AND SUMMARY OF EVIDENCE
NO. M2016-1272

ORIGINAL

PAGE 1 OF 6

SOA – REV. 07/13

Page 9

      B.     A survey of drug stock found twenty-seven (27) outdated or expired items. The vast majority of these were compounded capsules that had been batch prepared in anticipation of future use. This deficiency led to a fifteen (15) point deduction.

      C.     A survey of recent prescriptions files found multiple refill requests were processed and filled utilizing the request form as the prescription, even though the form did not meet the definitions of a prescription e.g. there was a lack of dual signature lines. This deficiency led to a two (2) point deduction.

1.4     On January 5, 2016, a re-inspection of the Pharmacy was conducted. On re-inspection, the Pharmacy received an inspection score of 88 resulting in an automatic "conditional" rating. The inspector noted the following repeat violations from the October 20, 2015 inspection in the Inspection Report:

      A.     After reviewing patient profiles for chronic medical conditions, there were a total of seven (7) conditions noted from the prescription files, and of these seven (7) only one (1) was documented in the patient profiles for a success rate of 14%. This deficiency led to a five (5) point deduction.

      B.     The inspector noted the failure of the responsible pharmacy manager to correct or improve upon the deficiencies in the course of the previous inspection, and that two (2) of the deficiencies noted in the October 20, 2015 inspection, actually worsened. This deficiency led to a two (2) point deduction.

      C.     A survey of recent prescriptions files found multiple refill requests were processed and filled utilizing the request form as the prescription, even though the form did not meet the definitions of a prescription e.g. there was a lack of dual signature lines. Additionally, it was observed that the pharmacy was using a "screen print" to act as a prescription hard copy, and the use of medication orders from a naturopath's office which had the same medication and dose for

STATEMENT OF ALLEGATIONS
AND SUMMARY OF EVIDENCE
NO. M2016-1272

PAGE 2 OF 6

SOA – REV. 07/13

**Page 10**

multiple patients. These were filled for multiple patients on the same hard copy. This deficiency led to a five (5) point deduction.

## 2. SUMMARY OF EVIDENCE

2.1 Inspection Report for October 20, 2015 inspection.

2.2 Inspection Report for January 5, 2016 inspection.

2.3 Respondent's Statement, dated March 3, 2016.

## 3. ALLEGED VIOLATIONS

3.1 The facts alleged in Section 1, if proven, would constitute unprofessional conduct in violation of RCW 18.130.180(4) and (7); WAC 246-869-070; WAC 246-863-095(1); WAC 246-869-100(2)(a) and (e); WAC 246-869-150(2); and WAC 246-875-020(1)(i) and (2)(c), which provide in part:

**RCW 18.130.180 Unprofessional conduct.** The following conduct, acts, or conditions constitute unprofessional conduct for any license holder under the jurisdiction of this chapter:

...

(4) Incompetence, negligence, or malpractice which results in injury to a patient or which creates an unreasonable risk that a patient may be harmed. The use of a nontraditional treatment by itself shall not constitute unprofessional conduct, provided that it does not result in injury to a patient or create an unreasonable risk that a patient may be harmed;

...

(7) Violation of any state or federal statute or administrative rule regulating the profession in question, including any statute or rule defining or establishing standards of patient care or professional conduct or practice;

... .

**WAC 246-869-070 Responsible manager-Appointment.**
Every nonlicensed proprietor of one or more pharmacies shall place in charge of each pharmacy a licensed pharmacist who shall be known as the "responsible manager." The nonlicensed proprietor shall immediately report to the state board of pharmacy the name of the "responsible manager," who shall ensure that the pharmacy complies with all the laws, rules and regulations pertaining to the practice of pharmacy. Every portion of the establishment coming under the jurisdiction of the pharmacy laws shall be under the full and complete control of such responsible manager. A now-licensed proprietor shall at once notify the board of pharmacy of the termination of employment of a responsible manager. Please refer to WAC 246-863-060 for additional information.

STATEMENT OF ALLEGATIONS
AND SUMMARY OF EVIDENCE
NO. M2016-1272

PAGE 3 OF 6

SOA – REV. 07/13

**Page 11**

### WAC 246-863-095 Pharmacist's professional responsibilities.

(1) A pharmacist's primary responsibility is to ensure patients receive safe and appropriate medication therapy.

... .

### WAC 246-869-100 Prescription record requirements

...

(2) The pharmacist shall be required to insure that the following information be recorded:

(a) Original prescription—At the time of dispensing, a serial number, date of dispensing, and the initials of the responsible pharmacist shall be placed on the face of the prescription. The patient's address must be readily available to the pharmacist, either from the face of the prescription, a record book, patient medication record, or hospital or clinic record.

...

(e) Prescription copies—Prescription copies and prescription labels presented for filling must be considered as informational only, and may not be used as the sole document. The prescriber shall be contacted for complete information and authorization. If granted, a new prescription shall be written and placed on file. Copies of prescriptions must be clearly identified as such on the face of the prescription. The transfer of original prescription information is permitted if the provisions of WAC 246-869-090 are met.

... .

### WAC 246-869-150 Physical standards for pharmacies-Adequate stock

...

(2) Dated items—All merchandise which has exceeded its expiration date must be removed from stock.

... .

### WAC 246-875-020 Minimum required information in an automated patient medication record system.

An automated patient medication record system is an electronic system that must have the capability of capturing any data removed on a hard copy of microfiche copy. The hard copy of the original prescription and all documents in the audit trail shall be considered a part of this system.

(1) All automated patient medication record systems must maintain the following information with regard to ambulatory patients:

...

STATEMENT OF ALLEGATIONS
AND SUMMARY OF EVIDENCE
NO. M2016-1272

PAGE 4 OF 6

SOA – REV. 07/13

**Page 12**

(i) Any patient allergies, idiosyncrasies, or chronic condition which may relate to drug utilization. If there is no patient allergy data the pharmacist should indicate none or "NKA" (no known allergy) on the patient medication record.

. . .

(2) All automated patient medication record systems must maintain the following information with regard to institutional patients:

. . .

(c) Any patient allergies, idiosyncrasies, or chronic conditions which may relate to drug utilization. If there is no patient allergy data the pharmacist should indicate none or "NKA" (no known allergy) on the patient medication record.

. . . .

## 4. NOTICE TO RESPONDENT

4.1     The Commission has determined that this case may be appropriate for resolution through a Stipulation to Informal Disposition (Stipulation) pursuant to RCW 18.130.172(2). A proposed Stipulation is attached, which contains the disposition the Commission believes is necessary to address the conduct alleged in this Statement of Allegations and Summary of Evidence.

4.2     If Respondent agrees that the disposition imposed by the Stipulation is appropriate, Respondent should sign and date the Stipulation and return it within twenty-eight (28) days to the Department of Health Office of Legal Services at PO Box 47873, Olympia, WA 98504-7873.

4.3     If Respondent does not agree that the terms and conditions contained in the Stipulation are appropriate, Respondent should contact Christopher Gerard, Department of Health Staff Attorney, PO Box 47873, Olympia, WA 98504-7873, (360) 236-4908 within twenty-eight (28) days.

4.4     If Respondent does not respond within twenty-eight (28) days, the Commission will assume Respondent has declined to resolve these allegations with an informal Stipulation and may proceed to formal disciplinary action against Respondent by filing a Statement of Charges pursuant to RCW 18.130.172(3).

//

//

STATEMENT OF ALLEGATIONS
AND SUMMARY OF EVIDENCE
NO. M2016-1272

PAGE 5 OF 6

SOA – REV. 07/13

**Page 13**

4.5   If the parties cannot resolve the allegations with an informal Stipulation, the Commission may proceed with a formal Statement of Charges.

DATED: _January 11_, 2017

STATE OF WASHINGTON
DEPARTMENT OF HEALTH
PHARMACY QUALITY ASSURANCE
COMMISSION

STEVEN SAXE
EXECUTIVE DIRECTOR

CHRISTOPHER GERARD, WSBA #49959
DEPARTMENT OF HEALTH STAFF ATTORNEY

STATEMENT OF ALLEGATIONS
AND SUMMARY OF EVIDENCE
NO. M2016-1272

PAGE 6 OF 6

SOA – REV. 07/13

Page 14