UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS EUGENE CREECH,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSH TEWALT, Director, Idaho Department of Correct, in his official Capacity; TYRELL DAVIS, Warden, Idaho Maximum Security Institution, in his official capacity; CHAD PAGE, Chief, Division of Prisons, Idaho Department of Correction, in his official capacity; and Unknown Employees, Agents, or Contractors of the Idaho Department of Correction, in their official capacities,<br><br>    Defendants. | Case No. 1:20-cv-00114-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Thomas Creech's Motion to Reconsider (the "Motion"). Dkt. 69. Creech asks the Court to reverse its Order (Dkt. 51) dismissing his claims without leave to amend. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court

DENIES the Motion.

## II. BACKGROUND

Plaintiffs Thomas Creech and Gerald Pizzuto[1] are two death-row inmates who filed this lawsuit against the Director of the Idaho Department of Corrections ("IDOC") and others, claiming that IDOC was unlawfully withholding information regarding how they will be executed. Dkt. 1. On November 17, 2020, this Court dismissed all nine of Plaintiffs' claims, reasoning that they were not yet ripe. Dkt. 34.

On appeal, the Ninth Circuit disagreed, reversed, and remanded the case to this Court. *Pizzuto v. Tewalt*, 997 F.3d 893 (9th Cir. 2021). However, the Ninth Circuit explicitly and implicitly recognized that their ruling was based on changed circumstances. *Id.* at 902 ("[I]t is possible that plaintiffs' challenges to SOP 135 were unripe when first filed, because IDOC has allegedly represented it would not proceed under SOP 135 to execute plaintiffs and had not issued a replacement protocol. But that is no longer the case."); *id.* at 903 ("Because ripeness is peculiarly a question of timing, it is the situation now rather than the situation at the time of the district court's decision that must govern.") (cleaned up). The court held that some of Plaintiffs' claims were moot due to Idaho providing a current execution protocol. It also held that some of Plaintiffs' claims were ripe. However, it ultimately concluded that none of Plaintiffs' claims were viable. *Id.* at 907.

The Court reopened the case and promptly sua sponte dismissed Plaintiffs' claims

---

[1] Pizzuto was dismissed from this case on June 2, 2021. Dkt. 65.

MEMORANDUM DECISION AND ORDER - 2

again based on the Ninth Circuit's discussion about their futility. The Court's promptness in the sua sponte dismissal was primarily because Pizzuto's execution was then scheduled for June 2, 2021—less than a month from the Ninth Circuit's decision.

The Court's Order dismissed without leave to amend Plaintiffs' nine original claims because amendment would be futile. Dkt. 51. However, the Court did allow Plaintiffs to "amend their Amended Complaint to state claims related to the now-existent execution protocol." *Id.* at 3. The Court gave Plaintiffs until May 20, 2021, to do so, and warned failure to file a Second Amended Complaint by this deadline would result in the Court dismissing the case with prejudice. *Id.* at 8.

Pizzuto filed a Second Amended Complaint on May 17, 2021. Dkt. 52. But Creech did not join it. *See* Dkt. 52, at 2 n.1. A day later, the Idaho state court stayed Pizzuto's execution. Dkt. 64-2. Thereafter, Pizzuto and Creech filed an unopposed motion to dismiss Pizzuto's complaint and enter judgment. Dkt. 64. The Court granted the motion as to Pizzuto and dismissed him from the case. Dkt. 65.

Though he was not party to Pizzuto's Second Amended Complaint, Creech wanted the judgment entered as to him so that he could appeal the Court's Order disallowing amendment of his original nine claims. However, the Court disagreed with Creech's proposed approach. It explained,

> [W]hat has occurred since the remand of this case has been done in great haste and has been focused on Pizzuto and his potentially imminent execution at the time. The proper and more efficient, just, and prudent course of action is for Creech to have time to file an amended pleading for any claims he would like to assert. Creech may assert any new claims or he may file a motion to reconsider as to why the Court should allow him to amend any of his nine original claims that were dismissed without leave to amend.

MEMORANDUM DECISION AND ORDER - 3

Dkt. 65, at 4–5.

Recognizing that courts generally disfavor motions to reconsider, the Court explained that the extraordinary circumstances of this case merited an invitation for such a motion because the Court had issued the Order on an expedited timeline with "Pizzuto's time-sensitive rights and the tenets of Federal Rule of Civil Procedure 1 in mind" and because the Order came before the parties could brief the issue. Dkt. 65, at 5. The Court concluded that it was proper to allow Creech the opportunity to present his arguments about the amendment issue before proceeding through the appellate process. Therefore, it ordered Creech to file an amended complaint, in compliance with its prior Order, or a motion to reconsider.

On August 14, 2021, Creech filed the present Motion asking the Court to reconsider its decision to dismiss without leave to amend the nine original claims. Dkt 69.

### III. LEGAL STANDARD

Because Creech is asking the Court to review an interlocutory order, his request is governed by Federal Rule of Civil Procedure 54(b). Courts have inherent power to modify their interlocutory orders before entering a final judgment. *Marconi Wireless Tel. Co. v. United States*, 320 U.S. 1, 47–48 (1943); *see also* Fed. R. Civ. P. 54(b), 60(b).

The Court construes Creech's Motion as one brought pursuant to Rule 54(b), which allows an order to be revised at any time under the Court's inherent authority. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be

sufficient.").

While courts have the inherent authority to review interlocutory orders at any time prior to entry of final judgment, to determine the merits of a request to reconsider an interlocutory order, both this Court and district courts throughout the Ninth Circuit are frequently guided by substantially the same standards as those used to reconsider final orders pursuant to Rule 59(e). *See Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, 2020 WL 2841517, at *10 (D. Idaho June 1, 2020). Under Rule 59(e), reconsideration may be warranted: (1) because of newly discovered evidence; (2) because the Court committed clear error or the order was manifestly unjust; or (3) due to an intervening change in the law. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## IV. DISCUSSION

Creech is not challenging the dismissal of his claims. Rather, he is challenging the Court's decision to disallow amendment of such claims. To be clear, the Court's Order granted Creech leave to file a second amended complaint with claims about IDOC's present execution protocols, but it expressly barred amendment of his original claims because amendment would be futile. Dkt. 51. In his Motion, Creech asks the Court to reconsider its decision to not allow amendment because the Ninth Circuit's mandate purportedly directed this Court to allow amendment of his original claims.

Creech rests his argument on the following language in the Ninth Circuit's opinion: "On remand, plaintiffs will likely seek (and should be permitted) to amend their complaint to reallege their ripe claims against the revised SOP and fix the flaws in their state law

claims." *Pizzuto*, 997 F.3d at 906. Creech believes that such language constituted a mandate requiring the Court to allow him to amend his original nine claims. The mandate doctrine "provides that any district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it. The district court may, however, decide anything not foreclosed by the mandate." *Stacy v. Colvin*, 825 F.3d 563, 568 (9th Cir. 2016) (cleaned up). Creech argues that this Court's Order disallowing amendment of his original nine claims did not follow the Ninth Circuit's mandate and that the Court thereby committed clear error.

However, the Court did adhere to the Ninth Circuit's mandate. The Ninth Circuit concluded that each of Creech's claims were not viable, and it expressly stated that he "may be unable to amend [his] complaint in a way that advances any colorable claims." *Pizzuto*, 997 F.3d at 906. This Court then reviewed Creech's claims and concluded that amendment of the original claims would be futile. But the Court did allow Creech to file another amended complaint bringing claims regarding the now-existent execution protocols. This is in lockstep with the Ninth Circuit's parenthetical directive that the Court should permit Creech to amend his complaint to bring claims against the revised SOP.

Because the Court invited Creech to bring this Motion to Reconsider, the Court will review each of his claims and explain why amending such claims would be futile.

Creech's first claim is that "deprivation of execution-related information violates [his] First and Fourteenth Amendment rights to access government proceedings." *Pizzuto*, 997 F.3d at 898. The Ninth Circuit explained that "whether such a right (if it exists) has been violated depends on the content of the revised SOP." *Id.* at 904. This Court's Order

MEMORANDUM DECISION AND ORDER - 6

did not foreclose an amended complaint bringing claims based on the revised SOP.

However, the Ninth Circuit explained that the original claim is "squarely foreclosed by [Ninth Circuit] caselaw." *Id.* at 906. It reiterated the holding of *First Amendment Coalition of Arizona, Inc. v. Ryan*, 938 F.3d 1069 (9th Cir. 2019), finding "neither the First Amendment right of access to governmental proceedings nor the right of access to courts entitles the plaintiffs to information regarding execution drugs and personnel." *Id.* (quoting *First Amend. Coal. of Ariz., Inc.*, 938 F.3d at 1080–91) (cleaned up). Thus, Creech's initial first claim is not viable, and amendment would be futile.

Creech's second claim is nearly identical, as it alleges "the deprivation of execution-related information violates [his] First Amendment right to petition the government for redress of grievances." *Id.* at 898. The Ninth Circuit also found that its caselaw forecloses this claim. *Id.* at 906.

The Ninth Circuit expressly held that the third claim is moot because it was based on there not being an IDOC protocol in place mandating procedures to be followed when carrying out an execution. *Id.* at 904. "[T]hat factual allegation is no longer true" now that there is a revised SOP. *Id.* Because the revised SOP moots this original claim, amending the third claim would also be futile.

The fourth claim alleges that Idaho's "deprivation of information violates the plaintiffs' Fourteenth Amendment right to due process." *Id.* The Ninth Circuit found this claim "mostly moot because plaintiffs are now on notice of the revised SOP and can challenge its legality." *Id.* The ripe and not moot portion of the fourth claim was the assertion of "a due process violation premised on the SOP's failure to provide execution-

MEMORANDUM DECISION AND ORDER - 7

related information." *Id.* However, this too is not a viable claim because "Idaho has issued an execution protocol well in advance of any death warrant in this case, and there is no indication the state will deviate from the procedures outlined in the revised SOP. Those procedures provide for a relatively transparent execution . . . ." *Id.* at 907.

Regarding the fifth claim, the Ninth Circuit held that part of the claim was moot due to the revised SOP. *Id.* at 905. The ripe allegation was that "Idaho's 'practice of essentially creating a new protocol for each condemned inmate as soon as his execution is imminent' is itself an equal protection violation." *Id.* This too is a nonviable claim. The Ninth Circuit has rejected the theory that variance in execution procedures violates the Equal Protection Clause. *Id.* at 907 (citing *Towery v. Brewer*, 672 F.3d 650 (9th Cir. 2012)). Such a claim requires a showing that the one individual is being treated "differently *and* detrimentally." *Id.* And, "Plaintiffs allege only that they are being treated differently, not that they are 'being treated less favorably than others generally are.'" *Id.* (quoting *Towery*, 672 F.3d at 661). To the extent that this claim could be saved by amendment, the Court's Order gave Creech that opportunity when it granted him leave to file claims regarding the revised SOP.

The Ninth Circuit held that the sixth claim was moot considering the revised SOP. *Id.* at 905.

The seventh claim, which alleges violation of the Idaho Constitution, is not viable because, as the Ninth Circuit recognized, the Idaho Supreme Court has soundly rejected this claim before. *Id.* at 907–08 (citing *State v. Osborn*, 631 P.2d 187, 201 (1981)). This was a purely legal claim based on the separation of powers in the Idaho Constitution; thus, amendment could not save the original claim.

MEMORANDUM DECISION AND ORDER - 8

Finally, both the eighth and ninth claims are moot because of the revised SOP. *Id.* at 905.

In summary, the Court did not allow amendment of the original claims because the claims were nonviable and amendment would be futile, as the Ninth Circuit's opinion made clear. The Ninth Circuit did not require this Court to allow unfettered amendment of these nonviable claims. And, this Court did allow Creech opportunity to file another amended complaint based on any claims he may have had regarding the revised SOP. He did not do so.

Because Creech has failed to show that the Court made a clear error in following a mandate from the Ninth Circuit, the Court DENIES his Motion to Reconsider. Moreover, Creech and his claims are DISMISSED WITH PREJUDICE from this case.

## V. ORDER

The Court HEREBY ORDERS:

1. Plaintiff Thomas Creech's Motion to Reconsider (Dkt. 69) is **DENIED**.

2. Plaintiff Thomas Creech and his claims in the Amended Complaint (Dkt. 18) are **DISMISSED WITH PREJUDICE**.

DATED: January 5, 2022

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 9