RAÚL LABRADOR
ATTORNEY GENERAL

Karin Magnelli (ISBN 6929)
Lead Deputy Attorney General
Kristina M. Schindele (ISBN 6090)
Deputy Attorney General
Idaho Department of Correction
1299 North Orchard St., Suite 110
Boise, Idaho 83706
Telephone: (208) 658-2094
Facsimile: (208) 327-7485
kmagnell@idoc.idaho.gov
krschind@idoc.idaho.gov

Michael J. Elia (ISBN 5044)
Special Deputy Attorney General
Tanner J. Smith (ISBN 12245)
MOORE ELIA & KRAFT, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900
Facsimile: (208) 336-7031
mje@melawfirm.net

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS EUGENE CREECH, | |
| Plaintiffs, | Case No. 1:20-CV-114-AKB |
| v. | ANSWER TO SECOND AMENDED COMPLAINT (Dkt. 119) |
| **JOSH TEWALT**, Director, Idaho Department of Correction; **Tim Richardson**, Warden, Idaho Maximum Security Institution; and **Unknown Employees, Agents or Contractors of the Idaho Department of Correction**, | |
| Defendants. | |

     Defendants Josh Tewalt, Director, Idaho Department of Correction, and Tim Richardson,

Warden, Idaho Maximum Security Institution, (hereafter collectively referred to as "Defendants") by

**ANSWER**- 1

and through their counsel of record, hereby submit Defendants' Answer to Plaintiff's Second Amended Complaint for Equitable, Declaratory and Injunctive Relief (Dkt. 119) in this matter as follows:

Unless specifically admitted in this Answer, Defendants deny all factual and legal allegations set forth in the Second Amended Complaint that require a response.

**I.     Nature of the Action**

1.     Admitted as follows: Plaintiff is subject to a judgment and sentence imposing a sentence of death in Ada County, Idaho, case number HCR-10252, redesignated case number CR-FE-0000-10252. The original judgment was vacated, a new sentencing hearing was held beginning March 13, 1995, and findings of fact and a judgment imposing a death sentence were filed April 17, 1995. An amended judgment, also imposing a sentence of death, was filed May 1, 1995. Plaintiff has now filed the instant Second Amended Complaint alleging three claims. Defendants deny that Plaintiff has stated a claim upon which relief can be granted with respect to the claims asserted in this paragraph.

**II.    Justiciable Case or Controversy**

2.     Paragraph 2 is denied.

3.     Paragraph 3 calls for a legal conclusion, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegation.

**III.   Jurisdiction and Venue**

4.     With respect to Paragraph 4, Defendants admit that Plaintiff has filed the instant Amended Complaint under the cited statute and Constitutional provisions.

5.     Paragraphs 5-8 are admitted.

**IV.    Parties**

6.     Paragraph 9 is admitted.

**ANSWER**- 2

7.     Paragraph 10 is only admitted to the extent that Plaintiff has been committed to the custody of the State Board of Correction, which operates by and through the Department of Correction.

8.     Paragraphs 11 and 12 are admitted.

9.     Paragraph 13 is admitted only to the extent that Idaho Code § 19-2705 directs the death warrant be directed and delivered to the Director, Idaho Code § 19-2715 requires the Warden to execute the judgment of death, and Idaho Code § 19-2716 provides that the Director "shall determine the procedures to be used in any execution."

10.    Paragraphs 14-16 are admitted.

11.    Paragraph 17 is admitted only to the extent that the Warden assigned to IMSI serves as the official executioner for inmates under a sentence of death in Idaho.

12.    Paragraphs 19 is denied. The Director is responsible for determining the procedures to be used in any execution. The Director approves the execution protocol.

13.    Paragraphs 20-24 are admitted.

**V.     General Factual Allegations**

14.    Paragraph 25 does not require an admission or denial. To the extent a response is deemed necessary, Defendants incorporate their corresponding responses.

15.    Paragraphs 26-29 are admitted.

16.    With respect to Paragraph 30, Defendants admit Idaho Code § 19-2705(1) provides that "the judge passing sentence shall, in accordance with section 19-2719, Idaho Code, sign and file a death warrant fixing a date of execution not more than thirty (30) days thereafter."

17.    Paragraph 31 is denied. Defendants admit a Death Warrant was issued on October 12, 2023, scheduling the execution to take place on November 8, 2023. The state court issued a stay on October 19, 2023, staying the execution until completion of state commutation proceedings. The Death Warrant thereafter expired. Commutation proceedings concluded on January 29, 2024. A Death

Warrant was issued on January 30, 2024, which set February 28, 2024, as the date for Plaintiff's execution.

18.     Paragraph 32 contains Plaintiff's legal conclusions, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations made. Defendants admit they will comply with their constitutional and statutory duties to carry out an execution as directed by the duly entered Death Warrant.

### A.     IDOC's Refusal to Provide Information to the Plaintiff

19.     Paragraphs 33-34 are admitted.

20.     Paragraph 35 states a conclusion to which no response is required.

21.     In answering Paragraphs 36-41, Defendants admit IDOC received the letter and responded to it. Defendants do not believe any answer is required with respect to the allegations set forth herein aside from the contents of the documents exchanged. To the extent a response is necessary, Defendants deny these factual allegations and legal conclusions.

22.     Paragraphs 42-43 are denied. Plaintiff submitted a concern form on November 8, 2023, received in the Warden's office the following day. Defendant Richardson answered that concern form on November 16, 2023, and advised IDOC will utilize a single-drug method of execution using pentobarbital. Defendants have subsequently advised Plaintiff the pentobarbital was manufactured, not compounded.

23.     Paragraphs 44-45 are admitted only to the extent that IDOC has objected to disclosure of information related to the source of the execution chemical pursuant to SOP 135.02.01.001 ("SOP 135") and Idaho Code § 19-2716A.

24.     In answer Paragraph 46, Defendants admit SOP 135 provides, "This SOP is subject to revision at the discretion of the Director of the IDOC. The Director may revise, suspend, or rescind any procedural steps, at any time, at the Director's sole discretion."

**ANSWER**- 4

25.     Paragraph 47 is denied.

26.     Defendants are without sufficient knowledge to admit or deny the allegations about other states' executions in paragraphs 48-53, and they are therefore denied.

27.     Paragraph 54 is denied.

28.     In answering Paragraphs 55-57, Defendants admit Idaho Code § 20-212 provides, "All rules of the [Board of Correction] shall be subject to review of the legislature pursuant to sections 67-454 and 67-5291, Idaho Code, but no other provisions of chapter 52, title 67, Idaho Code, shall apply to the board, except as otherwise specifically provided by statute." To the extent Paragraphs 55-57 state factual and legal conclusions, no response is required. To the extent a response is necessary, any factual allegations are denied.

29.     With respect to paragraph 58, Defendants admit that the Director approved Standard Operating Procedure ("SOP") 135.02.01.001 on March 30, 2021, and said document represents version 4 since the execution protocol was adopted in 1998.

30.     In answering Paragraphs 59-61, Defendants admit an exhibit to SOP 135, entitled Execution Chemicals Preparation and Administration, identifies IDOC's options for lethal injection and specifically clarifies the specific option to be "used is dependent on the availability of chemicals." To the extent these paragraphs contain factual and legal conclusions, no response is required. To the extent a response is necessary, any factual allegations are denied.

**B.     Execution Procedures in Idaho.**

31.     In answering Paragraph 62, Defendants admit SOP 135 provides, "Reformatted document, updated terminology; revised to comply with changes in statute, regulation, and case law, as applicable; reflects changes in IDOC leadership structure; clarified qualifications for specialty teams, improved medial representative and witness selection process; updated forms and removed them as appendices."

32.    Paragraph 63 is admitted.

33.    Paragraph 64 states factual and legal conclusions to which no response is required. To

the extent a response is necessary, any factual allegations are denied.

34.    In answering Paragraphs 65-66, Defendants admit Idaho Code § 19-2716 was amended

in 2023. Idaho Code § 19-2716 provides:

> (1) The punishment of death shall be inflicted by (a) Continuous, intravenous
> administration of a lethal quantity of a substance or substances approved by the director
> of the Idaho department of correction until death is pronounced by a coroner or a deputy
> coroner; or (b) Firing squad.
> (2) Not later than five (5) days after the issuance of a death warrant, the director of the
> Idaho department of correction must determine, and certify by affidavit to the court
> that issued the death warrant, whether execution by lethal injection, as described in
> subsection (1)(a) of this section, is available.
> (3) If the director certifies that lethal injection is available, the method of execution
> shall be lethal injection.
> (4) If the director does not certify that lethal injection is available, fails to file a
> certification as required pursuant to subsection (2) of this section, or otherwise
> determines that lethal injection is unavailable, the method of execution shall be firing
> squad.
> (5) If a court holds that lethal injection is unconstitutional, on its face or as applied, or
> otherwise determines that firing squad is a constitutionally required method of
> execution, the method of execution shall be firing squad.
> (6) The director shall determine the procedures to be used in any execution.
> (7) The provisions of this section shall apply to all executions carried out on and after
> the effective date of this enactment, irrespective of the date sentence was imposed.

35.    Paragraph 67 is denied.

36.    To the extent Paragraphs 68-75 contain factual and legal conclusions, no response is

required. To the extent a response is necessary, Defendants admit the facts contained in the documents

referenced and deny any inference that Defendants have engaged in misconduct.

37.    To the extent Paragraph 76 contains factual and legal conclusions, no response is

required. To the extent a response is necessary, any factual allegations are denied. Defendants admit

SOP 135 remains in full force and effect.

**C.    IDOC's Execution History and Related Problems with Executions**

38.    Paragraphs 77-81 state factual and legal conclusions to which no response is required.

To the extent a response is necessary, any factual allegations are denied. Defendants deny that IDOC staff have engaged in any misconduct.

39.     Paragraph 82 is admitted.

             1.     **Use of Unreliable Sources for Execution Drugs**

40.     Paragraph 83 is denied.

41.     In answering Paragraphs 84-92, Defendants state that prior communications with Chris Harris are not at issue in this case. Therefore, Defendants do not believe any answer is required with respect to these allegations. To the extent a response is necessary, Defendants deny these allegations. Defendants admit Mr. Harris has not provided chemicals to IDOC for use in executions.

42.     Defendants are without sufficient knowledge to admit or deny the allegations about other states' executions in paragraphs 93-105, and they are therefore denied.

43.     Defendants are without sufficient knowledge to admit or deny the allegation about other states' execution practices in paragraph 106, and it is therefore denied. Paragraph 106 states factual and legal conclusions regarding Idaho's execution practices to which no response is required. To the extent a response is necessary, any factual allegations are denied.

             2.     **Compounding Pharmacies**

44.     Paragraphs 107-108 are admitted.

45.     With respect to Paragraph 109, Defendants admit Mr. Zmuda was appointed and served as the Deputy Director in 2018 and 2019.

46.     With respect to Paragraphs 110-111, Defendants are without sufficient knowledge to admit or deny the allegations about the substance or content of Mr. Zmuda's testimony in *Cover v. Idaho Bd. of Corr.*, 167 Idaho 721, 476 P.3d 388 (2020). Defendants admit IDOC obtained chemicals from a compounding pharmacy for use in Mr. Leavitt's execution. Defendants admit the compounding pharmacy from whom chemicals were obtained in Mr. Leavitt's execution is no longer a viable source

**ANSWER**- 7

of chemicals. Defendants are without sufficient knowledge to admit or deny the allegation that the

pharmacy "was not in compliance with current regulations."

47.     Paragraph 112 states a factual and legal conclusion to which no response is required.

To the extent a response is necessary, any factual allegations are denied.

48.     With respect to Paragraphs 113-115, Defendants admit IDOC filed an appeal from the

district court order. Defendants admit IDOC complied with the order entered by the Idaho Supreme

Court in *Cover*.

49.     With respect to Paragraphs 116-118, Defendants state that information concerning

IDOC's prior execution chemical sources is not at issue in this case. To the extent Paragraphs 116-

118 state factual and legal conclusions, no response is required. To the extent a response is necessary,

any factual allegations are denied. Defendants admit IDOC has disclosed the Department intends to

use manufactured pentobarbital during Plaintiff's execution.

50.     Defendants are without sufficient knowledge to admit or deny the factual allegations

contained in Paragraphs 119-157, and they are denied. Paragraphs 119-157 state various factual and

legal conclusions regarding compounding pharmacies to which no response is required. To the extent

a response is necessary, any factual allegations are denied.

51.     Defendants are without sufficient knowledge to admit or deny the allegations about

other states' maintenance of compounded chemicals or other states' use of such chemicals in

executions as set forth in paragraphs 158-165, and they are therefore denied.

52.     Defendants are without sufficient knowledge to admit or deny the allegations in

Paragraphs 166-169, and they are denied. Paragraphs 166-169 state various factual and legal

conclusions to which no response is required. To the extent a response is necessary, any factual

allegations are denied. Defendants deny that Creech will suffer a Constitutional injury.

53.     Paragraph 170 contains factual and legal conclusions to which no response is required.

To the extent a response is necessary, any factual allegations are denied.

                **3.**      **IDOC'S Obfuscation**

54.      Paragraph 171 contains factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied.

55.      With respect to Paragraphs 172-184, Defendants are without sufficient knowledge to admit or deny the allegations about the legal proceedings noted. Paragraphs 172-184 state various factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied. Defendants deny any allegation or inference that IDOC staff engaged in misconduct.

56.      Paragraph 185 is admitted.

57.      With respect to Paragraphs 186-195, Defendants are without sufficient knowledge to admit or deny the allegations about the legal proceedings noted. Paragraphs 186-195 state various factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied. Defendants deny any allegation or inference that IDOC staff engaged in misconduct.

58.      Paragraphs 196-197 are admitted.

59.      Paragraphs 198 and 199 are denied.

60.      With respect to Paragraphs 200-202, Defendants are without sufficient knowledge to admit or deny the information about Ms. Sooter's statements. Defendants deny that IDOC maintained separate sets of cash logs or financial records.

61.      Paragraph 203 is denied.

62.      With respect to Paragraphs 204-206, Defendants are without sufficient knowledge to admit or deny the information about Ms. Sooter's statements. Defendants deny that IDOC maintained separate sets of cash logs or financial records.

63.     With respect to Paragraph 207, Defendants are without sufficient knowledge to admit or deny the information about Plaintiff's requests for information.

64.     With respect to Paragraphs 208-209, Defendants admit Idaho Code § 19-2705(1) provides that "the judge passing sentence shall, in accordance with section 19-2719, Idaho Code, sign and file a death warrant fixing a date of execution not more than thirty (30) days thereafter."

65.     Paragraph 210 is admitted.

66.     Paragraph 211 is denied. IDOC has published SOP 135, which provides significant information about executions.

67.     Paragraphs 212 and 213 contain factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied.

68.     In answering Paragraphs 214-216, Defendants admit that the Prison Litigation Reform Act, 42 U.S.C. § 1997e, requires administrative exhaustion. Defendants further admit that Standard Operating Procedure 316.02.01.001—Grievance and Informal Resolution Procedure for Offenders— sets forth the procedures a resident must complete.

69.     With respect to Paragraph 217, Defendants are without sufficient knowledge to admit or deny the information about Mr. Pizzuto's exhaustion efforts.

70.     Paragraphs 218-219 contain factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied. Defendants deny allegations or inferences that IDOC staff have engaged in misconduct.

        **4.    IDOC's Misconduct**

71.     In answering Paragraphs 220-232, Defendants state that the prior execution of Richard Leavitt is not at issue in this case. Therefore, Defendants do not believe any answer is required with respect to these allegations. To the extent a response is necessary, Defendants deny these allegations. Defendants specifically deny that IDOC staff engaged in misconduct with respect to Mr. Leavitt's

execution.

72.    In answering Paragraphs 233-244, Defendants are without sufficient knowledge to admit or deny the allegations. Paragraphs 233-244 state various factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied. Defendants deny any allegation or inference that IDOC staff engaged in misconduct.

73.    In answering Paragraphs 245-246, Defendants state that the prior execution of Richard Leavitt is not at issue in this case. Therefore, Defendants do not believe any answer is required with respect to these allegations. To the extent a response is necessary, Defendants deny these allegations. Defendants specifically deny that IDOC staff engaged in misconduct.

74.    In answering Paragraph 247, Defendants admit Kevin Kempf served as the IDOC Director from December 2014 to December 2016. Defendants also admit Defendant Tewalt has served as the IDOC Director from December 1, 2018, to the present. Defendants deny any inference that either appointment was related to the involvement of Mr. Kempf or Defendant Tewalt in the execution of Mr. Leavitt.

75.    Defendants are without sufficient knowledge to admit or deny the factual allegations contained in Paragraphs 248-250, and they are denied.

76.    Defendants are without sufficient knowledge to admit or deny the factual allegations contained in Paragraphs 251-252, and they are denied. Defendants specifically deny that the chemicals used in Mr. Leavitt's execution were not stored in a safe and appropriate manner.

77.    Paragraph 253 is admitted.

78.    Defendants are without sufficient knowledge to admit or deny the allegations about Kimela Burkes and Union Avenue Compounding Pharmacy contained in Paragraphs 254-257, and they are denied.

79.    Paragraphs 258-259 are admitted.

**ANSWER** - 11

80.     Paragraph 260 contains factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied.

81.     Defendants are without sufficient knowledge to admit or deny the allegations about University Pharmacy contained in Paragraphs 261-270, and they are denied.

82.     Paragraphs 271-274 are admitted. Defendants deny any inference that either appointment was related to the involvement of Mr. Kempf or Defendant Tewalt in the execution of Mr. Leavitt.

83.     With respect to Paragraphs 275-276, Defendants admit Mr. Kempf has served as the Executive Director of the Correctional Leaders Association since December 2016.

84.     Defendants are without sufficient knowledge to admit or deny the allegations about Correctional Leaders Association contained in Paragraph 277, and they are denied.

85.     Paragraph 278 is admitted.

86.     With respect to Paragraph 279, Defendants deny that IDOC staff engaged in misconduct with respect to Mr. Leavitt's execution. Further, Defendants deny they have or will acquire unreliable chemicals for use in Plaintiff's execution.

87.     With respect to Paragraph 280, Defendants deny that IDOC has the authority to arrange for autopsies. That responsibility is committed to the authority of the County Coroner.

88.     Defendants are without sufficient knowledge to admit or deny the allegations in Paragraphs 281-283, and they are denied.

89.     Defendants are without sufficient knowledge to admit or deny the allegations concerning the specific events prior to the onset of litigation, testimony and evidence adduced during the hearing, and findings of the Court in *Cover* included in Paragraphs 284-290, and they are denied. Defendants deny that IDOC staff have engaged in misconduct intended to violate the Idaho Public Records Act.

**D.      Human Error at Executions**

90.      Paragraph 291 contains factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied.

91.      Defendants deny that IDOC staff will make serious mistakes during Plaintiff's execution or subject him to a torturous death as alleged in Paragraph 292.

92.      Defendants are without sufficient knowledge to admit or deny the allegations about other states' executions contained in Paragraphs 293-310, and they are therefore denied.

93.      Defendants are without sufficient knowledge to admit the allegations about IV access and lines contained in Paragraphs 311-313, and the same are therefore denied.

94.      Defendants are without sufficient knowledge to admit or deny the allegations about other states' executions contained in Paragraphs 314-316 and 318, and the same are therefore denied.

95.      Paragraph 317 contains factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied.

**VI.      Claims**

**A.      Claim One – The Use of Compounded Pentobarbital at Plaintiff's Execution Violates the Eighth Amendment**

**1.      Plaintiff's Health Concerns**

99.      Paragraph 319 contains no factual allegations or legal conclusions. To the extent that it incorporates statements and allegations set forth elsewhere in the Second Amended Complaint, those allegations have been addressed.

100.      Paragraph 320 contains factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied. Defendants specifically deny that IDOC's execution protocol poses a substantial risk of serious pain and suffering.[1] Further,

---

[1]Defendants note that United States Supreme Court precedent requires Plaintiff to establish (1) the existence of a "known

Defendants deny Plaintiff will suffer an execution in violation of the Eighth Amendment.

101.    Defendants are without sufficient knowledge to admit or deny the allegations about Plaintiff's health concerns contained in Paragraphs 321-341, and they are denied.

102.    Paragraphs 342-343 contain factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied. Defendants specifically deny that use of pentobarbital during Plaintiff's execution creates a substantial risk of serious harm.

103.    With respect to Paragraph 344, Defendants are without sufficient knowledge to admit or deny the allegations about other states' executions, and they are denied. Defendants specifically deny that Plaintiff faces a risk of cruel and unusual pain and suffering during his execution.

104.    Defendants are without sufficient knowledge to admit or deny the allegations about other states' executions contained in Paragraphs 345-350, and they are denied.

105.    Paragraph 351 contains factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied. Defendants specifically deny that use of pentobarbital during Plaintiff's execution creates a significant risk of pain greater than that to be otherwise expected.

106.    Paragraphs 352-353 contain factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied.

107.    Defendants are without sufficient knowledge to admit or deny the allegations about Plaintiff's health concerns contained in Paragraphs 354-365, and they are denied.

## 2.    Problems with the Now-Invalidated Protocol

---

and available alternative method of execution" to IDOC's legal injection protocol and (2) that the alternative would "significantly reduce a substantial risk of severe pain" in contrast to IDOC's protocol. *Glossip v. Gross*, 576 U.S. 863, 877-78 (2015) (quoting *Baze v. Rees*, 553 U.S. 35, 52 (2008)). At various points in this Amended Complaint, Plaintiff occasionally characterizes an improper legal standard. Regardless, in response to this Amended Complaint, Defendants specifically deny IDOC's execution protocol creates a substantial risk of severe pain as prohibited by the Eighth Amendment.

**ANSWER**- 14

108.    Paragraphs 366-368 contain factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied. Defendants deny that Plaintiff will experience serve pain or suffering in violation of the Eighth Amendment. Defendants deny SOP 135 is invalid.

109.    Paragraph 369 contains factual and legal conclusions to which no response is required. To the extent a response is necessary, any factual allegations are denied. Defendants specifically deny that Plaintiff will suffer an execution in violation of the Eighth Amendment. Defendants deny that SOP 135 is outdated.

110.    Paragraph 370 is admitted only to the extent SOP 135 defines the Medical Team's duties as "inserting IV catheters, ensuring the line is functioning properly throughout the procedure, mixing the chemicals, preparing the syringes, monitoring the condemned person (including the level of consciousness), and administering the chemicals as described in *Execution Chemicals Preparation and Administration*. Defendants deny that SOP 135 is outdated.

111.    Paragraph 371 is admitted only to the extent SOP 135 requires members of the Medical Team to have:

- At least three years of medical experience as an emergency medical technician (EMT), licensed practical nurse (LPN), military corpsman, paramedic, phlebotomist, physician assistant, physician, registered nurse (RN), or other medically trained personnel including those trained in the United States military.
- Have current venous access proficiency, current pharmacodynamics proficiency (i.e., understand medical orders, can read, and understand medical labels, draw medications, and deliver medications through either an injection or IV), and be certified in CPR

Defendants deny that SOP 135 is outdated.

112.    Paragraphs 372-373 are denied.

113.    In answering Paragraphs 374-377, Defendants admit that SOP 135 does not require, and the current composition of the Medical Team does not include, a practicing anesthesiologist or medical doctor. Defendants deny SOP 135 is outdated.

**ANSWER**- 15

114.    Defendants are without sufficient knowledge to admit or deny Paragraphs 378-385, and they are denied.

115.    In answering Paragraph 386, Defendants admit only that SOP 135 does not provide for the use of a brain consciousness monitor. Defendants deny SOP 135 is outdated.

116.    In answering Paragraph 387, Defendants admit IDOC will not use a brain consciousness monitor during Plaintiff's execution.

117.    Defendants do not have sufficient knowledge to admit or deny the allegations contained in Paragraph 388, and they are denied.

118.    Paragraphs 389-392 and 395-396 contain factual and legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny any factual allegations. Further, Defendants specifically deny that Plaintiff faces a substantial risk of significant pain or will suffer an execution in violation of the Eighth Amendment. Defendants deny SOP 135 is outdated.

119.    Paragraph 393 is admitted.

120.    Paragraph 394 is denied as the Medical Team will not be mixing any chemicals.

### 3.    Problems with the Execution Facilities

121.    Paragraph 397 contains legal conclusions to which no response is required. To the extent a response is necessary, Defendants deny any factual allegations.

122.    Paragraphs 398-403 are admitted only to the extent that the Medical Team inserts IV catheters, confirms the IV is working properly, and leaves the execution chamber. Defendants admit the Medical Team observes the condemned person via live camera feed from the Medical Team room, which is adjacent to the execution chamber. Defendants admit the Medical Team monitors the condemned person via fixed and telescoping cameras. Defendants admit the wall between the Medical Team room and the execution chamber does not have a window.

123.    Paragraphs 404 and 405 are denied. Defendants deny Plaintiff will experience intense

pain during his execution.

124.    Defendants do not have sufficient knowledge to admit or deny Paragraphs 406-407, and they are denied.

125.    Paragraphs 408-410 are denied. Defendants deny Plaintiff will experience intense pain during his execution.

### 4.    Reasonably Available and More Human Alternative

126.    Paragraphs 411-417 contain factual and legal arguments and conclusions to which no response is required. To the extent a response is necessary, Defendants deny any factual allegations. Defendants admit Plaintiff must identify an available, readily implemented and feasible alternative method of execution. Defendants admit Plaintiff has failed to do so.

### B.    Claim Two – The Lack of a Valid Execution Protocol Violates Plaintiff's Right to Due Process

127.    Paragraph 418 contains no factual allegations or legal conclusions. To the extent that it incorporates statements and allegations set forth elsewhere in the Second Amended Complaint, those allegations have been addressed.

128.    Paragraph 419 contains legal arguments and conclusions to which no response is required. To the extent a response is necessary, Defendants deny any factual allegations.

129.    Paragraphs 420-426 are denied. Defendants admit SOP 135 remains in full force and effect and sets out the procedures to be used for Plaintiff's execution. Defendants admit IDOC has advised Plaintiff IDOC will proceed with his execution using a single-dose protocol for pentobarbital and that the pentobarbital is manufactured not compounded. Defendants admit SOP 135 continues in full force and effect. Defendants admit SOP 135 governs the procedures to be used during Plaintiff's execution by lethal injection. Defendants deny IDOC has created any uncertainty about the procedures to be used during Plaintiff's execution by lethal injection.

130.    Paragraphs 427-429 contain legal arguments and conclusions to which no response is required. To the extent a response is necessary, Defendants deny any factual allegations. Defendants admit SOP 135 remains in full force and effect. Defendants admit that the procedures to be used during Plaintiff's execution by lethal injection are clearly identified. Defendants deny IDOC has violated Plaintiff's right to due process.

**C.    Claim Three – Deprivation of Accurate Information Violates Plaintiff's Fourteenth Amendment Right to Due Process**

131.    Paragraph 430 contains no factual allegations or legal conclusions. To the extent that it incorporates statements and allegations set forth elsewhere in the Second Amended Complaint, those allegations have been addressed.

132.    Paragraphs 431-433 contain legal arguments and conclusions to which no response is required. To the extent a response is necessary, Defendants deny any factual allegations. Defendants deny that IDOC has denies Plaintiff due process.

133.    Paragraph 434 is denied.

134.    In answering Paragraphs 435-441, Defendants do not have sufficient knowledge to admit or deny the allegations about statements made before, during and after the 2023 legislative session, and they are denied. Defendants admit only that Defendant Tewalt responded to Representative Skaug truthfully in response to inquiries about the effect the inability to secure execution chemicals would have on IDOC's ability to carry out an execution.

135.    Paragraph 442 is admitted only to the extent counsel for Defendants advised the Court in *Pizzuto v. Labrador*, D. Idaho, No. 1:23-cv-0081, that "the Idaho Department of Correction does not have the present ability to carry out an execution via lethal injection or firing squad" on October 10, 2023. Defendants deny any inference that the representation was inaccurate or misleading.

136.    Paragraph 443 contains no factual allegations and requires no response. To the extent

a response is necessary, Defendants deny any factual allegations.

137.    Paragraph 444 contains legal arguments and conclusions to which no response is required. To the extent a response is necessary, Defendants deny any factual allegations. Defendants deny that IDOC staff have committed misconduct or misrepresentations to the Court, the Idaho Legislature, or the public.

138.    Paragraphs 445-447 contain factual and legal arguments and conclusions to which no response is required. To the extent a response is necessary, Defendants deny any factual allegations.

139.    Paragraph 448 is admitted only to the extent that Director Tewalt exercised his discretion to suspend full implementation of SOP 135 on November 16, 2022, and February 24, 2023. Defendants admit IDOC did not have the ability to carry out an execution on either of those dates. Defendants admit IDOC preserved Mr. Pizzuto's due process rights during the temporary suspensions of SOP 135 on both occasions.

140.    Paragraphs 449-451 contain factual and legal arguments and conclusions to which no response is required. To the extent a response is necessary, Defendants deny any factual allegations. Defendants admit SOP 135 has continued in full force and effect since it was approved in March 2021. Defendants deny IDOC has created a cloud of uncertainty about the procedures to be used during Plaintiff's execution by lethal injection.

141.    Paragraphs 452-456 are denied. Defendants responded to Mr. Pizzuto's questions about the chemicals on October 23, 2023. Defendants deny that IDOC staff or counsel have engaged in misconduct.

142.    Paragraphs 457-460 contain factual and legal arguments and conclusions to which no response is required. To the extent a response is necessary, Defendants deny any factual allegations. Defendants admit Idaho Code § 19-2716A requires the confidentiality and non-disclosure of "any person or entity who compounds, synthesizes, tests, sells, supplies, manufactures, stores, transports,

procures, dispenses, or prescribes the chemicals or substances for use in an execution or that provides the medical supplies or medical equipment for the execution process." Defendants deny Plaintiff has been deprived of due process.

143.    Paragraphs 461-465 are denied. Defendants admit Plaintiff can determine the reliability of the execution chemicals as Defendants have produced the Certificate of Analysis for the chemicals demonstrating that the chemical is pentobarbital, is of a particular composition and quality, and meets the relevant regulatory and quality standards.

144.    Paragraphs 466-481 contain factual and legal arguments and conclusions to which no response is required. To the extent a response is necessary, Defendants deny any factual allegations. Defendants admit the chemicals used in the executions of Paul Ezra Rhoades and Richard Leavitt were tested. Defendants admit that the executions occurred without issue. Defendants deny they have any information about any issue with the chemical used during either of those executions.

145.    Paragraph 482 contains a legal conclusion for which no response is required. Defendants deny Plaintiff has been denied due process.

146.    In answering Paragraphs 483-484 and 486-487, Defendants admit SOP 135 requires the Administrative Team to review test results no later than seven to two days prior to a scheduled execution.

147.    Paragraph 485 is admitted.

148.    Paragraphs 488-493 contain legal arguments and conclusions to which no response is required. To the extent a response is necessary, Defendants deny any factual allegations. Defendants deny IDOC has deprived Plaintiff of due process.

**VII.    Prayer for Relief**

149.    To the extent a response is necessary to Plaintiff's Prayer for Relief, Defendants affirm Plaintiff has not and cannot demonstrate a Constitutional violation as asserted in this Second Amended

Complaint. Defendants request this case be dismissed.

150.   To the extent a response is necessary to Plaintiff's Prayer for Relief, Defendants respectfully request the Court deny Plaintiff's requests for declaratory judgment and requested injunctive relief as Plaintiff is not entitled to any such relief. Defendants affirm IDOC's execution protocol is Constitutional, and Plaintiff has not and cannot demonstrate any Constitutional violation.

151.   To the extent a response is necessary to Plaintiff's Prayer for Relief, Defendants respectfully request that, in lieu of providing Plaintiff with discovery, an evidentiary hearing and other relief, the Court dismiss this case.

## DEFENSES

The Defendants have not been able to engage in sufficient discovery to learn the facts and circumstances relating to the matters described in the Second Amended Complaint and therefore request the Court to permit the Defendants to amend their Answer and assert additional affirmative defenses or abandon affirmative defenses once discovery has been completed.

## FIRST AFFIRMATIVE DEFENSE

That the Plaintiff's Complaint fails to state a cause of action against the Defendants upon which relief can be granted and should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE

That the allegations contained in the Plaintiff's Complaint do not rise to the level of a deprivation of rights that are protected by the Constitution or any of the legal provisions referred to in the Complaint.

## THIRD AFFIRMATIVE DEFENSE

The Defendants in this matter are immune, or have qualified immunity, to the allegations contained in Plaintiff's Complaint, including immunity under the 11th Amendment of the U.S.

Constitution, which is not waived.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the extraordinary remedy of equitable relief.

## FIFTH AFFIRMATIVE DEFENSE

All general immunities statutory or otherwise applicable.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust the available administrative remedies, and otherwise failed to comply with available administrative remedies.

## SEVENTH AFFIRMATIVE DEFENSE

That the Plaintiff has failed to join one or more parties that are indispensable to this proceeding.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is seeking a mandatory injunction, Defendants are entitled to a full trial on the merits of Plaintiff's claims.

## NINTH AFFIRMATIVE DEFENSE

Some or all of the claims Plaintiff has asserted are non-justiciable.

Respectfully submitted February 14, 2024.

OFFICE OF THE ATTORNEY GENERAL


*/s/ Kristina M. Schindele*
Kristina M. Schindele
Deputy Attorney General
Attorneys for Defendants

CERTIFICATE OF SERVICE

I certify that on February 14, 2024, I caused to be served a true and correct copy of the foregoing via CM/ECF Electronic Notification:

Counsel for Plaintiffs:

Deborah Czuba: Deborah_A_Czuba@fd.org
Mary E. Spears: Mary_Spears@fd.org

＿＿＿＿ /s/ Kristina M. Schindele