RAÚL LABRADOR
ATTORNEY GENERAL

Karin Magnelli (ISBN 6929)
Lead Deputy Attorney General
Kristina M. Schindele (ISBN 6090)
Deputy Attorney General
Idaho Department of Correction
1299 North Orchard St., Suite 110
Boise, Idaho 83706
Telephone: (208) 658-2094
Facsimile: (208) 327-7485
kmagnell@idoc.idaho.gov
krschind@idoc.idaho.gov

Michael J. Elia (ISBN 5440)
Special Deputy Attorney General
Tanner J. Smith (ISBN 12245)
MOORE ELIA & KRAFT, LLP
Post Office Box 6756
Boise, Idaho 83707
Telephone: (208) 336-6900
Facsimile: (208) 336-7031
mje@melawfirm.net
tanner@melawfirm.net

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRIC COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS E. CREECH,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSH TEWALT, et al.,<br><br>    Defendants. | Case No. 1:20-cv-114-AKB<br><br>**OBJECTION TO PLAINTIFF'S EMERGENCY MOTION FOR PRESERVATION AND ACCESS [Dkt. 150]** |

COME NOW Defendants, by and through their undersigned counsel, and hereby submit this Objection to Plaintiff's Emergency Motion for Medical Testing as follows:

**OBJECTION TO PLAINTIFF'S EMERGENCY MOTION
FOR PRESERVATION AND ACCESS [Dkt. 150] - 1**

## INTRODUCTION

Plaintiff has submitted an Emergency Motion for Preservation and Access without identifying any grounds or legal basis to support such request. Federal Rule of Civil Procedure 7 provides: a motion must "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). Local Rule 7.1 is equally specific: "[e]ach motion . . . must be accompanied by a separate brief . . . containing all of the reasons and points and authorities relied upon by the moving party." Dist. Loc. R. 7.1(b)(1). Because Plaintiff's Motion does not state any grounds or basis of support with particularity, Defendants respectfully ask that this Court deny the Motion.

## STANDARD OF LAW

Under Federal Rule of Civil Procedure 7(b), "[a] request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). Such motion "must: (A) be in writing unless made during a hearing or trial; (B) <u>state with particularity the grounds for seeking the order</u>; and (C) state the relief sought." *Id.* (emphasis added). Local Rule 7.1 requires a moving party to submit a brief "containing all of the reasons and points and authorities relied upon by the moving party." Dist. Loc. R. 7.1(b)(1). Local Rule 7.1 further provides:

> Failure by the moving party to file any documents required to be filed under this rule in a timely manner may be deemed a waiver by the moving party of the pleading or motion. . . . In addition, the Court, upon motion or its own initiative, may impose sanctions in the form of reasonable expenses incurred, including attorney fees, upon the adverse party and/or counsel for failure to comply with this rule.

*Id.* at § (e)(1).

"The purpose of the particularity requirement in Rule 7 is to afford notice of the grounds and prayer of the motion to both the court and to the opposing party, providing that party with a meaningful opportunity to respond and the court with enough information to process the motion correctly." *Registration Control Sys., Inc. v. Compusystems, Inc.*, 922 F.2d 805, 807 (Fed. Cir.

1990). Rule 7(b)'s particularity requirement "advances the policies of reducing prejudice to either party and assuring that the court can comprehend the basis of the motion and deal with it fairly." *Calderon v. Kansas Dept. of Soc. Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999).

Accordingly, "[w]hen a party fails to identify any legal authorities or to state the grounds for the relief sought, the court can deny the party's motion." *Chieco v. Kia Motors Am. Inc.*, No. 819CV00854JLSJDE, 2021 WL 2406808, at *2 (C.D. Cal. May 4, 2021); *see also, e.g., Sinclair v. City of Grandview*, No. CV-12-3041-RMP, 2013 WL 1497358, at *1-2 (E.D. Wash. Apr. 11, 2013) (denying a motion under Rule 7(b) where the movant did "not provide[] adequate legal argument" or "explain[] how the law would apply to the facts."); *Governale v. Soler*, 319 F.R.D. 79, 82 (E.D.N.Y. 2016) (denying a motion under Rule 7(b) and corresponding Local Rule as "procedurally improper" because there was no "legal memorandum or any other supporting documentation stating the rule or statute upon which the motion was predicated, or setting forth with any level of particularity any grounds for the relief sought."); *Whidden v. Roberts*, 334 F.R.D. 321, 325 (N.D. Fla. 2020) (denying a motion *in limine* under Rule 7(b) because it did not state with particularity the grounds for seeking the requested relief)).

## ARGUMENT

Plaintiff's Motion does not comply with Federal Rule 7 or Local Rule 7.1. Plaintiff has failed to adequately state with particularity the grounds for seeking preservation and access. Plaintiff's Motion states simply, "This motion is based on Mr. Creech's right to an execution free from cruel and unusual punishment under the Eighth Amendment." (Dkt. 150, p. 2). Plaintiff seeks three things: 1) an order that IDOC retain and preserve all physical evidence related to the February 28, 2024, execution attempt, including equipment, clothing, documents, recordings, and "so forth"; 2) an order permitting counsel and their agents access to Plaintiff; and 3) an order that IDOC

preserve the execution chamber "in its present condition." Plaintiff did not submit any documentation or citation to authority aside from the Eighth Amendment.

While Plaintiff cites the Eighth Amendment, the motion does not contain any legal or other authoritative source citations to support Plaintiff's requests that IDOC preserve "evidence" and the execution chamber. Plaintiff has failed to provide Defendants with notice of the grounds on which he seeks his desired relief, Defendants respectfully request the Court deny Plaintiff's Emergency Motion for Preservation and Access.

Notwithstanding Defendants' objection to this motion as stated *supra*, Defendants have considered Plaintiff's substantive requests. Defendants' position regarding the requests are as follows:

1. Evidence: IDOC does not have any recordings of the execution proceeding. The cameras in the execution chamber permit livestreaming but do not record. IDOC will preserve all documents produced in relation to the execution proceeding. IDOC objects to preserving the clothing worn and medical waste produced during the execution.

2. Access to Plaintiff: IDOC does not object to Plaintiff's request to consult with his counsel and their agents. IDOC requests counsel arrange for such consultation. With respect to photographs of Plaintiff, IDOC does not permit photographs or video recording in the facility. However, IDOC understands Plaintiff's desire to document his physical condition. As such IDOC suggests counsel be present while IDOC staff document Plaintiff's physical condition. IDOC will produce copies of photographs taken. IDOC respectfully submits that such a process would foster transparency with respect to this matter.

3. Access to Execution Chamber: IDOC objects to Plaintiff's request to access the

execution chamber. Defendants have previously agreed to permit Plaintiff's counsel to access the report, measurements, and photographs produced during an on-site inspection of F Block conducted in *Pizzuto v. Tewalt*, Idaho District Court Case No. 1:21-cv-00359-BLW. *See* Order Modifying Protective Order (Dkt. 117), filed February 16, 2024. Plaintiff already has access to the information about the execution chamber.

## CONCLUSION

Plaintiff's Emergency Motion for Preservation and Access does not comply with Federal Rule 7 or Local Rule 7.1. Plaintiff has provided no support or adequate argument for his requested relief. Because Plaintiff has not even hinted to a legal or factual basis to support his Motion, Defendants have been denied a meaningful opportunity to respond. Therefore, Defendants respectfully request the Court deny Plaintiff's Emergency Motion for Preservation and Access.

DATED this 28th day of February 2024.

RAÚL LABRADOR
IDAHO ATTORNEY GENERAL

　/s/ Kristina M. Schindele
Kristina M. Schindele
Deputy Attorney General
Counsel for Defendants

MOORE ELIA & KRAFT, LLP

*/s/ Tanner J. Smith*
Tanner J. Smith
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that on this 28th day of February 2024, I caused to be served a true and correct copy of the foregoing via email service as follows:

Deborah Czuba: Deborah_A_Czuba@fd.org
Mary Spears: Mary_Spears@fd.org

**OBJECTION TO PLAINTIFF'S EMERGENCY MOTION
FOR PRESERVATION AND ACCESS [Dkt. 150] - 5**

/s/ Kristina M. Schindele
Kristina M. Schindele
Counsel for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of February, 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Deborah A. Czuba<br>Mary E. Spears<br>Federal Defender Services of Idaho<br>702 W. Idaho St., Ste. 900<br>Boise, Idaho 83702<br><br>*Attorneys for Plaintiff* | ☐ U.S. Mail, postage prepaid<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ Facsimile Transmission<br>☒ E-Mail: Deborah_a_czuba@fd.org,<br>Mary_spears@fd.org |

/s/ Katie Ridgeway
Katie Ridgeway

**OBJECTION TO PLAINTIFF'S EMERGENCY MOTION
FOR PRESERVATION AND ACCESS [Dkt. 150] - 6**