Nicole Owens
EXECUTIVE DIRECTOR
Deborah A. Czuba, Idaho Bar No. 9648
Mary E. Spears, Indiana Bar No. 27353-49
ASSISTANT FEDERAL DEFENDERS
Federal Defender Services of Idaho
702 W. Idaho Street, Suite 900
Boise, ID 83702
Telephone: (208) 331-5530
Facsimile: (208) 331-5559
ECF:  Deborah_A_Czuba@fd.org
      Mary_Spears@fd.org

*Attorneys for Plaintiff Thomas Eugene Creech*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **THOMAS EUGENE CREECH,** | CASE NO. 1:20-cv-114-BLW |
| Plaintiff, | |
| v. | **MOTION TO VACATE ORDER REGARDING PAGE LIMITS** |
| **JOSH TEWALT**, Director, Idaho Department of Correction, **RANDY VALLEY**,[1] Warden, Idaho Maximum Security Institution, **CHAD PAGE**, Chief, Division of Prisons, Idaho Department of Correction; and **Unknown Employees, Agents, or Contractors of the Idaho Department of Correction**, | **EXECUTION SCHEDULED FOR NOVEMBER 13, 2024** |
| Defendants. | |

---

[1] Randy Valley is now Warden of the Idaho Maximum Security Institution. *See* https://www.idoc.idaho.gov/content/locations/prisons/idaho_maximum_security_institution. As such, he should be automatically substituted in for Tim Richardson in this case. *See* Fed. R. Civ. P. 25(d).

Motion to Vacate Order Regarding Page Limits - 1

On February 20, 2024, the Court issued an order in which it effectively forbade the parties from "seeking expansions of the page limits," Dkt. 141 at 2, even though such motions are allowed by the local rules, *see* Dist. Idaho Loc. Civ. R. 7.1(a)(2). Plaintiff Thomas Eugene Creech now respectfully asks the Court to vacate that order.

This is a complicated proceeding with the highest possible stakes, a dense record, and a convoluted procedural history. *See generally* Dkts. 1, 18, 34, 36, 47, 51, 52, 88, 111, 118, 123-1, 142, 153, 158-1. It is therefore inappropriate for the Court to issue a blanket prohibition on motions for excess pages. Instead, Mr. Creech respectfully suggests that it would be most efficient for the Court to waive the page limits in their entirety for at least the duration of the death-warrant period. Alternatively, the Court should at least follow its customary practice in capital cases of allowing the parties to submit motions for excess pages alongside the overlarge filings and granting the requests where appropriate. *See, e.g.,* Dkt. 62; *Creech v. Reinke*, D. Idaho, No. 1:12-cv-173, Dkt. 36 at 54. Such practice is commonplace even outside the capital arena. *See, e.g., Ingram v. Mouser*, D. Idaho, No. 1:19-cv-308, Dkt. 138 at 5; *Hathaway v. Idaho Pac. Corp.*, D. Idaho, No. 4:15-cv-86, Dkt. 249 at 14.

The February 20, 2024, order improperly prevents the parties from fully litigating the important issues presented here, and therefore handicaps the Court as it attempts to reach the fullest, fairest result. For all of those reasons, Mr. Creech respectfully asks the Court to vacate it. *See City of L.A. Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (describing a court's "inherent

Motion to Vacate Order Regarding Page Limits - 2

procedural power to reconsider, *rescind*, or modify an interlocutory order for cause seen by it to be sufficient" (emphasis in original)).

DATED this 24th day of October 2024.

/s/ *Mary E. Spears*
Mary E. Spears
Deborah A. Czuba

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which is designed to send a Notice of Electronic Filing to persons including the following:

Kristina Schindele
krschind@idoc.idaho.gov

Karin Magnelli
kmagnell@idoc.idaho.gov

Michael Elia
mje@melawfirm.net

Tanner Smith
tanner@melawfirm.net

/s/ Julie Hill
Julie Hill