RAÚL LABRADOR
ATTORNEY GENERAL

Karin Magnelli (ISBN 6929)
Lead Deputy Attorney General
Kristina M. Schindele (ISBN 6090)
Deputy Attorney General
Idaho Department of Correction
1299 North Orchard St., Suite 110, Boise, Idaho 83706
Telephone: (208) 658-2094; Facsimile: (208) 327-7485
kmagnell@idoc.idaho.gov; krschind@idoc.idaho.gov

Michael J. Elia (ISBN 5044)
Special Deputy Attorney General
Tanner J. Smith (ISBN 12245)
MOORE ELIA KRAFT & STACEY, LLP
Post Office Box 6756, Boise, Idaho 83707
Telephone: (208) 336-6900; Facsimile: (208) 336-7031
mje@melawfirm.net; tanner@melawfirm.net

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRIC COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| THOMAS E. CREECH,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JOSH TEWALT, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-114-GMS<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO TAKE JUDICIAL NOTICE AND SECOND MOTION TO DISMISS RE: CLAIM PRECLUSION** |

　　　　COME NOW Defendants, by and through undersigned counsel, and hereby submit their

Memorandum in Support of Motion to Take Judicial Notice and Second Motion to Dismiss re:

Claim Preclusion as follows:

**INTRODUCTION**

　　　　On October 28, 2024, the same day Creech filed his Third Amended Complaint in this

**MEMORANDUM IN SUPPORT OF MOTION TO TAKE JUDICIAL NOTICE AND SECOND MOTION TO DISMISS RE: CLAIM PRECLUSION - 1**

action (Dkt. 167), Creech filed a verified Application for Writ of Habeas Corpus against Warden Valley in Idaho state court (the "State Habeas Case"). The State Habeas Case included an Eighth Amendment claim alleging that Idaho Department of Correction's ("IDOC") execution method which allows for central venous line access is unconstitutional and cannot be utilized in Creech's execution. While not directly asserting the challenge based on Creech's alleged unique medical conditions (which is the basis of Creech's Eighth Amendment challenge here), Creech's State Habeas Case's Eighth Amendment claim was premised on the doctrine outlined in *Baze v. Rees*, 553 U.S. 35 (2008), *Glossip v. Gross*, 576 U.S. 863 (2015), and *Bucklew v. Precythe*, 587 U.S. 119 (2019). Creech's State Habeas Case was assigned to the Honorable Jason Scott, District Judge of the Fourth Judicial District of the State of Idaho. On October 30, 2024, Judge Scott entered a judgment dismissing Creech's State Habeas Case in its entirety with prejudice.

Claim preclusion bars the continued litigation of this case. Creech's present action is another Eighth Amendment challenge to IDOC's method-of-execution. This lawsuit is being asserted against the same defendant as Creech's State Habeas Case and the other Defendants in this case are privies to Warden Valley. Both of Creech's Eighth Amendment claims arise out of the same "transaction," and Judge Scott's judgment dismissing the State Habeas Case with prejudice constitutes a final judgment on the merits. The Court should dismiss this action.

## LEGAL STANDARD

1.   **Federal Rule of Civil Procedure 201 – Judicial Notice**

Pursuant to Federal Rule of Evidence 201, the Court may, on its own or by motion, "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. "The decision to

**MEMORANDUM IN SUPPORT OF MOTION TO TAKE JUDICIAL NOTICE AND SECOND MOTION TO DISMISS RE: CLAIM PRECLUSION - 2**

take judicial notice and/or incorporate documents by reference is reviewed for an abuse of discretion." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

 2. **Federal Rule of Civil Procedure 12(b)(6) – Failure to State a Claim**

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact or legal conclusions couched as factual allegations. *Id.* at 678-79. The Court can rely on materials subject to judicial notice when evaluating a motion to dismiss under Rule 12(b)(6) without converting the motion into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 687-88 (9th Cir. 2001).

**ARGUMENT**

 1. **Judicial notice of Creech's State Habeas Case.**

Creech's State Habeas Case was filed in the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Ada. Creech's State Habeas Case was assigned case number CV01-24-18351, and was captioned *Creech v. Valley*. Attached hereto as **Exhibit A** is a true and correct conformed copy of the Clerk's Record on Appeal, filed in Idaho Supreme Court case number 52373-2024 (the "Clerk's Record"), which contains true and correct copies of all the filings in Creech's State Habeas Case. Defendants respectfully request that the Court take judicial

**MEMORANDUM IN SUPPORT OF MOTION TO TAKE JUDICIAL NOTICE AND SECOND MOTION TO DISMISS RE: CLAIM PRECLUSION - 3**

notice of the filings in Creech's State Habeas Case because the filings are public records. The Clerk's record is organized as follows:

| Pages | Document Title | Date Document was Filed in CV01-24-18351 |
|---|---|---|
| 1–1 | Clerk Record on Appeal Title Page | November 5, 2024 |
| 2–2 | Case Summary for Clerk Record on Appeal | November 5, 2024 |
| 3–86 | Application for Writ of Habeas Corpus | October 28, 2024 |
| 87–87 | Order of Reassignment | October 29, 2024 |
| 88–97 | State Court's Order of Dismissal | October 30, 2024 |
| 98–99 | Judgment of Dismissal | October 30, 2024 |
| 100–115 | Notice of Appeal | November 5, 2024 |
| 116–116 | Certificate of Service | November 5, 2024 |

2.      **Claim preclusion bars this lawsuit.**

"The Constitution's Full Faith and Credit Clause is implemented by the Federal Full Faith and Credit Statute, 28 U.S.C. § 1738." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 80 (1984). Section 1738 provides, in relevant part:

> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

Claim preclusion applies in § 1983 actions. *Migra*, 465 U.S. 75, 81-84 (1984); *see also Clark v. Yosemite Cmty. Coll. Dist.*, 785 F.2d 781, 788 (9th Cir. 1986) ("there is no exception to the rules of claim and issue preclusion for federal civil rights actions under 42 U.S.C. § 1983." (collecting sources)). "[P]rior state judgments have full preclusive effect even if the plaintiff had no opportunity to litigate the claim in a federal forum." *Hawkins v. Risley*, 984 F.2d 321, 323 (9th Cir. 1993) (collecting sources). Accordingly, concluded state habeas cases can have preclusive

**MEMORANDUM IN SUPPORT OF MOTION TO TAKE JUDICIAL NOTICE AND SECOND MOTION TO DISMISS RE: CLAIM PRECLUSION - 4**

effects on § 1983 claims. *See, e.g., Silverton v. Dep't of Treasury of U.S. of Am.*, 644 F.2d 1341, 1345-47 (9th Cir. 1981); *Sperl v. Deukmejian*, 642 F.2d 1154, 1155 (9th Cir. 1981).

To determine whether a state judgment precludes a suit brought in federal court, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra*, 465 U.S. at 81. In this matter (dealing with a judgment made in Idaho state court), then, the preclusion laws of Idaho control.

In Idaho, claim preclusion "bars a subsequent action between the same parties upon the same claim or upon claims 'relating to the same cause of action.'" *Berkshire Invs., LLC v. Taylor*, 153 Idaho 73, 81, 278 P.3d 943, 951 (2012) (quoting *Stoddard v. Hagadone Corp.*, 147 Idaho 186, 190, 207 P.3d 162, 166 (2009)). "For claim preclusion to bar a subsequent action there are three requirements: (1) same parties; (2) same claim; and (3) final judgment." *Ticor Title*, 144 Idaho at 124, 157 P.3d at 618 (citing *Farmers Nat. Bank v. Shirey*, 126 Idaho 63, 68, 878 P.2d 762, 767 (1994)). "When the three elements are established, claim preclusion bars 'every matter offered and received to sustain or defeat the claim *but also as to every matter which might and should have been litigated* in the first suit.'" *Monitor Fin., L.C. v. Wildlife Ridge Ests., LLC*, 164 Idaho 555, 561, 433 P.3d 183, 188 (2019) (quoting *Magic Valley Radiology, P.A. v. Kolouch*, 123 Idaho 434, 437, 849 P.2d 107, 110 (1993) (emphasis in original)).

### A. The cases involve the same parties.

"In order for claim preclusion to apply, both proceedings must involve the same parties or their privies." *Ticor Title*, 144 Idaho at 124, 157 P.3d at 618 (citing *Foster v. City of St. Anthony*, 122 Idaho 883, 888, 841 P.2d 413, 418 (1992)). "To be privies, a person not a party to the former action must 'derive his interest from one who was a party to it, that is, he must be in privity with

**MEMORANDUM IN SUPPORT OF MOTION TO TAKE JUDICIAL NOTICE AND SECOND MOTION TO DISMISS RE: CLAIM PRECLUSION - 5**

a party to that judgment.'" *Id.* (quoting *Foster*, 122 Idaho at 888, 841 P.2d at 418 (cleaned up)); *see also Carter v. Gateway Parks, LLC*, 168 Idaho 428, 437, 483 P.3d 971, 980 (2020) ("Idaho has also recognized the exception that a party may be bound by a prior judgment even when that party was not a party in the suit when their interests were adequately represented."). The Idaho Supreme Court has quoted with approval the six categories of non-party relationships identified by the United States Supreme Court which justify a privy relationship:

> (1) the nonparty agrees to be bound by the determination of issues in an action between others; (2) pre-existing substantive legal relationships exist between the person to be bound and a party to the judgment; (3) the nonparty may be bound by a judgment because she was adequately represented by someone with the same interests who was a party to the suit; (4) the nonparty assumed control over the litigation in which that judgment was rendered; (5) the nonparty is the proxy or agent of a party to the prior litigation; and, (6) a special statutory scheme may expressly foreclose successive litigation by nonlitigants if the scheme is otherwise consistent with due process.

*Carter*, 168 Idaho at 437, 483 P.3d at 980 (quoting *Taylor v. Sturgell*, 553 U.S. 880, 893-95 (2008), cleaned up).

Here, the first, second, third, fifth, and sixth categories apply. Creech is the sole plaintiff in both cases. Both Creech's present-case and the State Habeas Case sought injunctive relief holding that executing him by IDOC's method was unconstitutional to effectively prevent Creech's execution. In the State Habeas Case, Creech sued Warden Valley for Warden's Valley's role with IDOC. Here, Creech has sued Warden Valley, Director Tewalt, Chief Page, Deputy Chief Neville, and other "unknown employees, agents, or contractors of IDOC" for their roles with IDOC. (Dkt. 167, ¶¶ 13-31). The claims against these Defendants along with those against Warden Valley are made against their official capacities as employees of IDOC. (*See* Dkt. 153, p. 1 (caption); Ex. A. pp. 4-5). Warden Valley is the same person in each lawsuit. Further, because a judgment in either this case or the State Habeas Case would be binding on all the Defendants, the

**MEMORANDUM IN SUPPORT OF MOTION TO TAKE JUDICIAL NOTICE AND SECOND MOTION TO DISMISS RE: CLAIM PRECLUSION - 6**

additional Defendants in this case are in privy with Defendant Warden in the State Habeas Case. Accordingly, the "same parties" element is satisfied.

      **B.     The cases concern the same claims.**

"Claim preclusion bars adjudication not only on the matters offered and received to defeat the claim, but also as to 'every matter which might and should have been litigated in the first suit.'" *Ticor Title*, 144 Idaho at 126, 157 P.3d at 620 (quoting *Magic Valley Radiology, P.A. v. Kolouch*, 123 Idaho 434, 437, 849 P.2d 107, 110 (1993)). "In other words, when a valid, final judgment is rendered in a proceeding, it 'extinguishes all claims arising out of the same transaction or series of transactions out of which the cause of action arose.'" *Ibid.* Idaho's Supreme Court has explained "that the 'transactional concept of a claim is broad' and that claim preclusion 'may apply even where there is not a substantial overlap between the theories advanced in support of a claim, or in the evidence relating to those theories.'" *Ibid.* "Whether a factual grouping constitutes a transaction is 'to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *Ibid.*

In *Andrus v. Nicholson*, 145 Idaho 774, 186 P.3d 630 (2008), the Idaho Supreme Court held that two lawsuits asserting different theories involved the same claim for purposes of claim preclusion. There, the plaintiffs initially brought a lawsuit alleging that two sections of Idaho Code granted them a right of way to cross the defendants' property. After that case was dismissed with prejudice in the defendants' favor, the plaintiffs brought another case seeking statutory condemnation of a right of way across the same defendants' property. The claim in the second suit was not previously asserted. The Idaho Supreme Court held that both cases involved claims arising

**MEMORANDUM IN SUPPORT OF MOTION TO TAKE JUDICIAL NOTICE AND SECOND MOTION TO DISMISS RE: CLAIM PRECLUSION - 7**

out of the same transaction. The *Andrus* court explained that the claims were "simply another theory … seeking to obtain the same result," and that the "condemnation proceedings could have been, and should have been, brought in the first lawsuit." *Id.* at 778, 186 P.3d at 634.

    Here, the claims Creech raised in both this case and the State Habeas Case are part of the same "transaction." In his State Habeas Case, Creech asserted a facial Eighth Amendment method-of-execution claim alleging that an execution by lethal injection, and particularly central line IV insertion, is unconstitutional. (Ex. A., pp. 17-30; *id.* at pp. 93-95). In this case, Creech is asserting an *as applied* Eighth Amendment method-of-execution claim alleging that an execution by a lethal injection of pentobarbital violates his constitutional rights. (*See generally* Dkt. 167). Creech also raises complaints about central line IV insertions in this lawsuit. (*See id.* at pp. 32-36). The claims raised in both of Creech's lawsuits relate to the same issues and entirely involve IDOC's method-of-execution. The claims' respective factual groupings undoubtedly references the same transaction, particularly where Idaho applies its transaction test broadly and finds claims to have arisen out of the same transaction even where there is not a substantial overlap between the evidence or theories for each claim. *See Ticor Title*, 144 Idaho at 126, 157 P.3d at 620; *see also Kootenai Elec. Co-op., Inc. v. Lamar Corp.*, 148 Idaho 116, 219 P.3d 440 (2009) (holding that claim of indemnification against co-defendant in prior case was precluded because it could have been raised as a permissive cross-claim in prior litigation). Here, Creech's claims have substantial overlap and are entirely concerned with the same issues and facts. Both cases stem from the same transaction and are considered the same claim for preclusion purposes. Claim preclusion bars this lawsuit.

**MEMORANDUM IN SUPPORT OF MOTION TO TAKE JUDICIAL NOTICE AND SECOND MOTION TO DISMISS RE: CLAIM PRECLUSION - 8**

      C.      **The State Habeas Case received a final judgment on the merits.**

A "final judgment includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." *Picatti v. Miner*, 165 Idaho 611, 620, 449 P.3d 403, 412 (2019) (quoting *Rodriguez v. Dep't of Correction*, 136 Idaho 90, 94, 29 P.3d 401, 405 (2001)). The Idaho Supreme Court has repeatedly held that dismissals with prejudice operate as final judgments on the merits. *See, e.g., Safaris Unlimited, LLC v. Sligar*, ___ Idaho ___, ___, 552 P.3d 1183, 1195 (2024) ("We have clearly stated that a dismissal with prejudice operates as a final judgment for purposes of res judicata." (citing *Maravilla v. J.R. Simplot Co.*, 161 Idaho 455, 458, 387 P.3d 123, 126 (2016)); *Monitor Fin.*, 164 Idaho at 561, 433 P.3d at 188 ("Because the case was dismissed with prejudice, the dismissal constituted a final judgment on the merits."); *accord In re Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999) ("There can be little doubt that a dismissal with prejudice bars any further action between the parties on the issues subtended by the case." (collecting sources)). "The judgment issued by the state district court is final even if it is on appeal." *Martin v. Smith*, No. CV 08-470-S-CWD, 2009 WL 3199638, at *2 n. 1 (D. Idaho Sept. 30, 2009).

On October 30, 2024, Judge Scott entered a judgment dismissing Creech's State Habeas Case, including Creech's Eighth Amendment method-of-execution claim, with prejudice. (Ex. A, p. 98 ("Thomas Eugene Creech's application for a writ of habeas corpus is dismissed with prejudice. No relief is awarded to him."); *see also id.* at pp. 93-96). Judge Scott's dismissal with prejudice constitutes a valid final judgment on the merits. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'" (collecting sources)); *Strong v. Dir. of Idaho Dep't of Correction*, No. CV04-581-C-EJL, 2006 WL 47358, at *4 (D. Idaho Jan. 6,

**MEMORANDUM IN SUPPORT OF MOTION TO TAKE JUDICIAL NOTICE AND SECOND MOTION TO DISMISS RE: CLAIM PRECLUSION - 9**

2006) ("The state court dismissed the claim because IDOC was not a 'person' under § 1983. The law is clear that a claim dismissed for failure to state a claim is a dismissal on the merits."); *see also* Restatement (Second) of Judgments § 19 cmt. d (1982). Because the State Habeas Case has been dismissed with prejudice, claim preclusion bars the continued litigation of Creech's claims here.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of the filings in Creech's State Habeas Case and dismiss this proceeding pursuant to the doctrine of claim preclusion.

Respectfully submitted this 25th day of November 2024.

MOORE ELIA KRAFT & STACEY, LLP

*/s/ Tanner J. Smith*
Tanner J. Smith
Attorneys for Defendants

OFFICE OF THE ATTORNEY GENERAL

*/s/ Kristina M. Schindele*
Kristina M. Schindele
Deputy Attorney General
Attorneys for Defendants

**MEMORANDUM IN SUPPORT OF MOTION TO TAKE JUDICIAL NOTICE AND SECOND MOTION TO DISMISS RE: CLAIM PRECLUSION - 10**

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 25th day of November 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Deborah A. Czuba<br>Mary E. Spears<br>Federal Defender Services of Idaho<br>702 W. Idaho St., Ste. 900<br>Boise, Idaho 83702<br><br>*Attorneys for Plaintiff* | ☐ U.S. Mail, postage prepaid<br>☐ Hand Delivered<br>☐ Overnight Mail<br>☐ Facsimile Transmission<br>☒ E-Mail: Deborah_a_czuba@fd.org,<br>Mary_spears@fd.org |

                /s/ Tanner J. Smith
                Tanner J. Smith