Nicole Owens
EXECUTIVE DIRECTOR
Mary E. Spears, Indiana Bar No. 27353-49
Deborah A. Czuba, Idaho Bar No. 9648
ASSISTANT FEDERAL DEFENDERS
Federal Defender Services of Idaho
702 W. Idaho Street, Suite 900
Boise, ID 83702
Telephone: (208) 331-5530
Facsimile: (208) 331-5559
ECF:   Mary_Spears@fd.org
        Deborah_A_Czuba@fd.org

*Attorneys for Plaintiff Thomas Eugene Creech*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **THOMAS EUGENE CREECH,** ) <br><br> Plaintiff, ) <br> v. ) <br><br> **BREE DERRICK**, Director, Idaho Department ) of Correction, **RANDY VALLEY**, Warden, ) Idaho Maximum Security Institution, **CHAD PAGE**, Chief, Division of Prisons, Idaho ) Department of Correction; **LIZ NEVILLE**, ) Deputy Chief, Division of Prisons, Idaho ) Department of Correction; and **Unknown Employees, Agents, or Contractors of the Idaho Department of Correction**, ) <br><br> Defendants. ) | **Case No. 1:20-cv-114-GMS** <br><br> **CAPITAL CASE** <br><br> **MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION [DKT. 193]** |

If it stands, the Court's August 5, 2025, Order (Dkt. 193) could potentially be the final word from this Court in its denial of relief to Plaintiff Thomas Eugene Creech as he challenges the State of Idaho's plan to execute him in violation of the Eighth Amendment, as well as its refusal to provide him necessary information about that planned execution. As such, the Order should be unimpeachable. Unfortunately, it is premised on serious legal error. To correct that error, the Court

Memorandum in Support of Motion for Reconsideration - 1

should grant the instant Motion for Reconsideration and either rescind the August 5th Order or fully dismiss the case on mootness grounds and enter judgment against Mr. Creech.

## I.   Background

This case remains alive because so, improbably, does Mr. Creech. Five days after this Court denied his first motion for preliminary injunction, *see* Dkts. 123, 142, the State attempted to execute him on February 28, 2024. Mr. Creech survived that botched attempt and so was able to continue litigating his challenge to the method the State plans to use in its next execution attempt.

On October 28, 2024, after the State obtained another warrant for Mr. Creech's execution, the Court granted his motion to amend his complaint. Dkt. 166. Thereafter the Third Amended Complaint ("TAC") stated claims alleging that Mr. Creech, who has a myriad of health problems (including the vascular issues which seemingly prevented the State from being able to execute him last year), faced an unconstitutionally cruel and painful lethal injection execution in violation of the Eighth Amendment; that the lack of a valid execution protocol governing his proposed alternative method, the firing squad, violated Mr. Creech's due process right to information about the method of his execution; and that the Defendants were depriving him of information vital to his Eighth Amendment challenge, also in violation of his right to due process. Dkt. 167 at 46–91.

Nine months after the TAC was filed by the Clerk, however, and without taking any other substantive action in the case, the Court entered an Order dismissing the TAC with leave to amend "*if* the State of Idaho obtains a new warrant of execution and Mr. Creech intends to challenge the chosen method of execution." Dkt. 193 at 2.[1] It did so on the grounds that, because it was unclear whether the State would choose to attempt to execute Mr. Creech again and whether lethal injection

---

[1] In this pleading, unless otherwise noted, all internal quotation marks and references are omitted, all emphasis is added, and all citations are cleaned up.

Memorandum in Support of Motion for Reconsideration - 2

would be used, and because Mr. Creech's TAC was ostensibly "premised on the execution taking place last year with the lethal injection drugs that were available at that time[,]" the claims in the TAC were moot. *See id.*

The Court further ordered the Defendants to inform the Court within thirty days of the Order "whether they intend to seek another warrant of execution as to Mr. Creech[,]" and denied Mr. Creech's then-pending renewed motions for preliminary injunction and administrative stay of execution (Dkts. 164, 165) and the Defendants' two then-pending motions to dismiss (Dkts. 172, 187) as likewise moot. *Id.*

## II.    Legal Framework

Because this Court has not entered judgment on its Order, this motion is not advanced under Federal Rules of Civil Procedure 59(e) or 60(b). *See United States v. Martin,* 226 F. 3d 1042, 1048 n.8 (9th Cir. 2000) ("Rule 59(e)[ ] applies only to motions attacking final, appealable orders . . .); *see also Jones v. Ryan,* 733 F.3d 825, 833 (9th Cir. 2013) ("Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances."). Instead, the motion invokes the Court's "inherent procedural power to reconsider, rescind, or modify an interlocutory order" if one of the parties demonstrates sufficient cause for it to do so. *City of L.A., Harbor Div. v. Santa Monica Baykeeper,* 254 F.3d 882, 885 (9th Cir. 2001). Accordingly, it is appropriate for the Court to correct any aspects of the challenged order that are "clearly erroneous[.]" *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988).

## III.    Argument

Because it rests on several flawed grounds, both legal and practical, the Court's Order should be reconsidered. In the alternative, and for many of the same reasons justifying

reconsideration, if the Court does *not* reconsider its Order it should dismiss the case on mootness grounds and enter judgment.

### A.      The TAC is not moot.

The August 5th Order dismissed the TAC essentially on the grounds that it had been rendered moot by the passage of time. This finding is incorrect.

Cases or controversies – disputes between the parties, not individual complaints – become moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). This question turns on whether the defendant still possesses the power to affect "the plaintiff[’s] particular legal rights." *See id.* When it becomes impossible for a court to grant "any effectual relief whatever to the prevailing party[,]" the case is moot. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013).

Evaluating whether the defendant still retains the power to harm the plaintiff in turn requires evaluating whether the claimed injury is "capable of repetition, yet evading review." *Fed. Election Comm’n v. Wisconsin Right to Life, Inc.*, 551 U.S. 449, 462 (2007). That is, before dismissing a matter as moot the Court must ask whether "there is a reasonable expectation that the same complaining party will be subject to the same action again[,]" and whether legality of the challenged action can be fully litigated "prior to cessation or expiration[.]" *Id.*

Viewed through this lens, it is plain this case is not moot. The Court ordered the Defendants to inform Mr. Creech and the Court whether it plans to repeat its attempt to execute Mr. Creech; that attempted execution and the attendant superadded pain and suffering is the claimed harm being challenged in this case. If the Defendants are capable of repeating the injury, as the Court's Order necessarily contemplates they may be, then this action is by definition not moot.

Nor can this matter be fully litigated prior to its – or to be more precise, Mr. Creech's – expiration. For starters, serious questions exist as to whether it can be reviewed on appeal, since Ninth Circuit law indicates the August 5th Order is likely not final and appealable. Dismissal of an *action* is appealable, even if that dismissal is without prejudice. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1085 (9th Cir. 2003). Dismissal of a *complaint* with leave to amend, however, is interlocutory and so is not appealable. *WMX Tech., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997); *see also De Tie v. Orange County*, 152 F.3d 1109, 1111 (9th Cir. 1998) (explaining the difference between the two situations). The Court's Order was clear: the TAC was dismissed with leave to amend if certain conditions are met, Dkt. 193 at 2; the *action* remains alive. Absent "a further order terminating the action[,]" *De Tie*, 152 F.3d at 1111, this action cannot be fully litigated in that it cannot be heard on appeal.

Nor can the challenged action on the part of the Defendants – a potentially torturous execution – be fully litigated in this Court in the time period allotted by the Order. Leave to amend is not permitted until the State obtains a new death warrant for Mr. Creech and certifies whatever method of execution it plans to use. Dkt. 193 at 2. By statute, that leaves a twenty-five- to thirty-day period within which to fully litigate this method-of-execution case. *See* Idaho Code § 19-2705(1) (death warrants may not exceed thirty days); Idaho Code § 19-2716(2) (method must be certified by Idaho Department of Correction Director within five days of obtaining warrant). Whether the State persists in trying lethal injection on Mr. Creech despite its past failures (which in turn may entail the use of an untested central line procedure) or whether it attempts a brand-new method never before challenged in Idaho (the firing squad, for which it has refused to draft or provide a protocol), four weeks is nowhere near enough time for this case to go from fresh start to fully and thoughtfully decided.

The Court's Order, which does not address the "capable of repetition" exception to the mootness doctrine, does not demonstrate otherwise. Instead, the Order relies on the then-pendency of the preliminary injunction to find mootness, citing *Mitchell v. Dupnik*, 75 F.3d 517, 528 (9th Cir. 1996), for the proposition that mootness is determined "in light of the present circumstances where injunctions are involved." Dkt. 193 at 2. But this case speaks only to whether the preliminary injunction is now moot, not whether the action as a whole is. Indeed, *Mitchell* itself demonstrates that mootness of injunctive relief is different from that of the underlying action: there the plaintiff obtained an injunction against the county jail's law library access policy, which the Ninth Circuit reversed on appeal because the plaintiff had lost his post-conviction case and so had no expectation of returning to the jail. 75 F.3d at 528. It affirmed, however, the plaintiff's victory on summary judgment "on the issue of liability for violating [his] civil rights," meaning that it clearly viewed the mootness of the injunction as severable from that of the underlying action. *See id.*

This should have been the Court's approach here. The question is whether the Defendants can still inflict the alleged injury on Mr. Creech or whether the Court should heed Mr. Creech's request to prevent that injury. And the TAC makes clear that Mr. Creech seeks to prevent *any* unconstitutionally painful lethal injection execution, *see* Dkt. 167 at 46–68, 92, not that he seeks to prevent use of the State's third set of drugs specifically and only. The *renewed preliminary injunction* may have been premised on the existence and use of those drugs, *see* Dkt. 165-1 at 15–17, but the case itself was not.[2]

Consider as another example the circumstances surrounding the filing of the TAC. Although Mr. Creech wrote and submitted the TAC in early August of 2024, *see* Dkt. 158, it was

---

[2] The third set of drugs has since expired. The State is not good about monitoring the expiration dates of its lethal chemicals. *See* Dkt. 175 at 4–7.

Memorandum in Support of Motion for Reconsideration - 6

not filed until late October of 2024 when this Court granted leave to amend, *see* Dkts. 166, 167. But it was during that three-month period that the State apparently bought its third set of drugs. *See* Dkt. 175 at 6–7. Under the theory of mootness employed in the Order, that fact would render the TAC void ab initio, because it was written assuming the State would use the *second* set of execution drugs – the ones that (unbeknownst to Mr. Creech or to the Court) had already expired by the time the Court ordered the Clerk to file the TAC. *See id.* at 5–6. But even though this timeline came to light in November of 2024, no one at the time treated or viewed the TAC as moot or a legal nullity, because it wasn't – and isn't.

Similarly, the harm alleged in the TAC also included the possibility that the State, which still has not drafted or promulgated any protocol based on this method, would employ Mr. Creech's chosen alternative method (a version of the firing squad) in a manner that would still give rise to unconstitutionally severe pain and suffering. *See* Dkt. 167 at 70–79. Many of the factual allegations in the TAC involved pentobarbital, true, because that is what the State appears to have possessed at the time the TAC was written and submitted. Yet the TAC also made note of the fact that the State – famously unforthcoming about drug availability, method of execution, or indeed any information that in its own view is deemed too sensitive to disclose, irrespective of any court orders obliging it to do so, *see Pizzuto v. Derrick*, No. 1:21-cv-359 (D. Idaho), Dkt. 207-1, at 3–4, 10–18 – might not elect to attempt an execution using pentobarbital. Mr. Creech and the TAC therefore reserved the right to challenge whatever method the State ultimately did choose. Dkt. 167 at 46 n.7.

Finally, Mr. Creech has struggled to find a case in which a complaint was dismissed as moot while the action remained alive, thereby leaving the case in limbo, instead of the court simply dismissing the case. Still more did Mr. Creech struggle to find precedent in which a court dismissed

a complaint as moot but ordered the defendants to take some action on the underlying matter, thereby mooting the mootness argument as described above. Other and more logical actions were available: for example, leaving the complaint in place but ordering or permitting Mr. Creech to amend it based on changed factual circumstances, or perhaps ordering both parties to update the Court on the state of play. In other words, the Court would have benefited from adversarial briefing on what it was contemplating before taking this action. Now, unless it reconsiders the Order, it is left with the choice between leaving in place a legally flawed order or dismissing the action in its entirety on illusory mootness grounds.

The proper course of action now is to do neither. Instead, the Court should rescind the August 5th Order, reinstate the TAC, and decide the Defendants' motions to dismiss. (They should indeed be denied, as the Court has already indicated, *see* Dkt. 193 at 2, but not because they're moot.[3]) This action remains alive, and Mr. Creech is entitled to continue litigating it. Dismissing the TAC on mootness grounds is inappropriate.

> **B.      The Court's Order, if followed, imposes unwarranted practical difficulties upon both parties and the Court itself**.

The same time constraints that constitute an exception to the mootness doctrine and render the matter incapable of review, *see supra* Part III.A., also impose drastic practical difficulties upon Mr. Creech, the Defendants, and the Court and its staff. During the last warrant period, for instance, the preliminary injunction litigation the Court dismissed as moot in its Order (*see* Dkt. 193 at 2) was filed and fully briefed within a nine-day period. Those filings included:

---

[3] Although it was well within the Court's power to dispose of this case by simply granting one of the Defendants' motions to dismiss, it clearly chose not to. Dkt. 193 at 2. This was for good reason: they remain meritless. *See* Dkts. 189, 190.

Memorandum in Support of Motion for Reconsideration - 8

- the motion and memorandum for preliminary injunction with four attachments (Dkts. 165, 165-1); and

- the reply in support with an accompanying ten attachments (Dkt. 175), but also

- the Defendants' response with its own three attachments (Dkt. 171);

- a motion for leave to file excess pages in the reply (Dkt. 174);

-  a motion to seal parts of the reply (Dkt. 176);

- the Defendants' objections to the motion for excess pages, to the reply attachments, and to the use of expert declarations in support of the preliminary injunction (Dkts. 170, 179, 180); and

- replies to the same (Dkts. 178, 181, 182).

In total, that constitutes 114 pages of briefing (exclusive of attachments), all of which had to be conceived, written, and filed by the parties and read and considered by the Court and its staff in the span of barely over a week. To be sure, a decision on that request was obviated by the Court's grant of a stay of Mr. Creech's execution, Dkt. 193 at 1, but given the Order's ~25-day timeframe within which to litigate this case, *see supra* Part III.A., the Court faces the exact same artificially truncated rush to judgment the next time the State seeks an execution warrant. And it does so despite Mr. Creech having been entitled to proceed to discovery on his Eighth Amendment claim since *January of 2024*, when the former judge on this case rejected the Defendants' attempt to dismiss that challenge. *See* Dkt. 118.

To avoid these practical impossibilities, the Court should follow the same path now that it was heading down then: rescind the August 5th Order, decide and deny the Defendants' motions to dismiss, and allow this case finally to proceed to discovery, permitting amendment if and when the State decides once again to try to kill Mr. Creech.

Memorandum in Support of Motion for Reconsideration - 9

**C.      Should the Court choose not to reconsider, it should in the alternative enter judgment and dismiss the case.**

For the reasons stated above, should the Court decline to reconsider and rescind its Order, it should enter an additional order dismissing the case on mootness grounds, not merely the TAC, and enter judgment for the Defendants. This would at least resolve the issues pertaining to appellate jurisdiction that Mr. Creech identified above. *See* Part III.A. Although Mr. Creech urges the Court to choose to reconsider the Order and reinstate the TAC, should it prefer instead to simply dispose of this case it should at least do so in a procedural manner that makes the Court's decision on mootness capable of review by the Ninth Circuit.

## IV.      Conclusion

The Court's August 5th Order is incorrect legally and insupportable practically. For this reason, and as more fully described above, it should reconsider and rescind that Order, decide and deny the Defendants' motions to dismiss, and permit this case finally to proceed apace, as Mr. Creech has spent over a year and a half asking to do. In the alternative, should it decline to reconsider, the Court should instead dismiss the case and not just the TAC on mootness grounds so that Mr. Creech can proceed to appeal.

DATED this 4th day of September 2025.

/s/ *Mary E. Spears*
Mary E. Spears

/s/ *Deborah A. Czuba*
Deborah A. Czuba

Federal Defender Services of Idaho
*Attorneys for Plaintiff Thomas Eugene Creech*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of September 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which is designed to send a Notice of Electronic Filing to persons including the following:

| | |
|---|---|
| Kristina Schindele<br>krschind@idoc.idaho.gov | Tanner J. Smith<br>tanner@melawfirm.net |
| Karin Magnelli<br>kmagnell@idoc.idaho.gov | Michael J. Elia<br>mje@melawfirm.net |

/s/ *Julie Hill*
Julie Hill

Memorandum in Support of Motion for Reconsideration - 11